DOUCET, Judge.
William and Marsha Masters were divorced by judgment dated November 7, 1984. In that proceeding, William Masters filed a stipulation of fact wherein he agreed to pay $800.00 per month as child support for the support of his two minor children. On January 24, 1986, Mr. Masters filed a rule to decrease the consent child support judgment. A hearing was held on March 13, 1986 and on June 6, 1986, formal judgment was signed decreasing the monthly payments from $800.00 per month to $500.00 per month. It is from this judgment that Marsha Masters appeals.
Mr. Masters has been, at all times pertinent hereto, employed by Trans-World Drilling Company off of the coast of Brazil. During the years of the marriage, the parties filed joint income tax returns and claimed exempt status while under the assumption that Mr. Masters would be able to take advantage of a foreign income tax exclusion. As a hedge against taxes the parties had accumulated approximately $8,000 in a savings account. This sum was divided equally among the two parties subsequent to the community property settlement.
The Internal Revenue Service subsequently rejected Mr. Masters’ exempt status causing an income tax liability for the tax period ending December 31, 1983, amounting to slightly over $10,000. Mr. Masters paid $4,000 to the IRS and is satisfying the rest of the obligation by making the monthly payment of $604.00. Additionally, Mr. Masters must make provisions for payment for his current taxes in the amount of approximately $1,000 per month since his employer does not withhold taxes. Also pertinent to Mr. Masters’ financial status is the fact that his monthly income has increased by $200.00 since the time of the consent child support judgment.
Appellant, Mrs. Masters, contends that the trial court erred when it reduced the monthly child support payments from $800.00 per month to $500.00 per month. Appellant bases this contention in part on the fact that appellee’s income has increased and that appellee’s sole “change of circumstances” is the obligation to pay federal income taxes which obligation was incurred prior to the consent child support judgment. Wé disagree with appellant’s contention.
La.R.S. 9:311 sets forth the grounds for modification of a child support award. The statute in pertinent part provides:
“A. An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.”
Thus, in order to reduce an award for support, a change in circumstances must occur between the time of the previous award and the time of the motion requesting modification. The trial court held that the change of circumstances which justified a reduction in child support was the 1983 federal income tax liability of $604.00 per month and the obligation to prepare for current taxes which amounts to approximately $1,000 per month. Appellee did not voluntarily undertake these obligations and the combination of the two significantly increases his monthly living expenses. We find, as did the trial court, that even though appellant has enjoyed a small increase in monthly income, when measured against the large sum of money he is obligated to pay each month, he has had a *974 “change in circumstances” within the meaning of La.R.S. 9:311.
Appellant urges that because the 1983 tax was an obligation that was incurred prior to the consent judgment of November 7, 1984, it does not fulfill the statutory requirements of La.R.S. 9:311. We disagree. As correctly stated by the trial judge in his written reasons for judgment: “Even though the tax liability was associated with income derived prior to the divorce, the obligation did not manifest itself until after the establishment of the support decree.” Thus, we find that appellee’s “change of circumstances” occurred within the time constraints set out in La.R.S. 9:311 and we affirm the portion of the trial court judgment reflecting same.
Appellant next asserts that evep if the 1983 tax obligation is considered as a “change in circumstances”, appellee, in the community property agreement, voluntarily assumed the obligation and agreed to hold appellant harmless from this obligation. Appellant adds that appellee cannot assume all indebtedness and agree to hold appellant harmless and then be allowed to seek modification of the consent judgment of child support by using the very indebtedness that appellee assumed. We disagree. We find that the hold harmless provision in the community property agreement is not an issue relative to this case. Even if appellee is bound by the terms of the community property agreement to assume all indebtedness and hold his wife harmless from any claims made against her on the assumed indebtedness, he is still obligated to pay the Internal Revenue Service a large sum of money every month. As previously stated, we find that this obligation, along with the obligation to set aside $1,000 per month for current taxes is sufficient to constitute a “change in circumstances.” Thus, whether or not appellee agreed to hold his wife harmless from any claims made against her on the assumed indebtedness is of no moment. Either way, appellee has increased expenses sufficient to constitute a “change in circumstances”.
Finally, appellant asserts that the trial court was in error when it relied on oral testimony concerning the intent of the parties when the community property agreement containing the “hold harmless” provision was signed. Having found the “hold harmless” provision irrelevant to this case, no further discussion ox appellant’s final assertion is necessary.
Accordingly, for the foregoing reasons, the judgment of the trial court reducing child support owed by appellee from $800 per month to $500 per month is affirmed. All costs are assessed to appellant.
AFFIRMED.