610 So.2d 981 (1992)
Perry Joseph NAQUIN,
v.
Sandra Toups NAQUIN.
No. 92 CA 0651.
Court of Appeal of Louisiana, First Circuit.
November 20, 1992.
*982 Alexander L. Doyle, Houma, for plaintiff-appellant Perry Joseph Naquin.
Wayne T. LeBouef, Larose, for defendant-appellee Sandra Toups Naquin.
Before LOTTINGER, C.J., and FOIL, J., and COVINGTON[1], J. Pro Tem.
GROVER L. COVINGTON, Judge Pro Tem.
This appeal by the father of two minor children is from a judgment denying his request for a reduction in child support and alimony to his ex-wife, the mother of the children. We reverse in part, amend in part, and affirm the judgment as amended.
Perry Joseph Naquin and Sandra Toups Naquin were divorced by written judgment signed on October 8, 1989. At that time, both parties were unemployed; although the record is unclear as to why Mr. Naquin, a boat captain for some years, was not working, it is clear that Mrs. Naquin was a full-time housewife. In the judgment of divorce, Mr. Naquin was condemned to pay child support in the amount of $419.00 per month for his son and daughter, whose custody was awarded solely to Mrs. Naquin, and alimony in the amount of $150.00 dollars per month to his ex-wife. Although there is no transcript of the October 4th, 1989 hearing in the record, it is apparent from both the guidelines of LSA-R.S. 9:315.14 and the comments of counsel in the transcript of the April 26, 1991 hearing that Mr. Naquin was considered to have a potential income capability of $1500.00 per month at the time of the divorce.
This appeal arises from a judgment on rules filed by both parties, which were heard jointly on April 26, 1991. Mr. Naquin sought for the second time since the judgment of divorce to have the child support and alimony amounts reduced[2], while Mrs. Naquin sought to make arrearages in both payments executory, attorney's fees, costs, and to have him held in contempt. Mr. Naquin also requested joint custody of the children. The trial judge amended the order of custody to joint custody in view of appellant's very recent (the previous week) *983 remarriage, and gave oral reasons from the bench denying the request for reduction, finding that there had been no real change in circumstances.
Appellant contends that the trial court committed error in three respects in its judgment: (1) by considering the gross income of appellant's present wife to fix child support; (2) by including the child support received by appellant's new wife from her previous marriage in the calculations; and (3) by not reducing or terminating alimony. We will address each of these assignments of error separately.

INCOME OF SUBSEQUENT SPOUSE
The new Mrs. Naquin, identified in the record only as Mrs. Perry Joseph Naquin, testified that she earns about $400.00 per month (working for a church) and receives $550.00 in child support monthly. She also testified that she contributes to the household: "Yes. I do. I pay all the utility bills, I buy all the groceries. I do everything." Mr. Naquin testified that their marital regime is separate property, that they signed a premarital agreement to have no community property.
The trial judge stated in his reasons for judgment that he was relying on LSA-R.S. 9:315(6)(c) to include the current wife's income in his calculations. At that time, § 315(6)[3] provided:
`Income' means:
(a) Actual gross income of a party, if the party is employed to full capacity; or
(b) Potential income of a party, if the party is voluntarily unemployed or underemployed. A party shall not be deemed voluntarily unemployed or underemployed if he or she is absolutely unemployable or incapable of being employed, or if the unemployment or underemployment results through no fault or neglect of the party.
(c) The court may also consider as income the benefits a party derives from remarriage, expense-sharing, or other source.
Appellant contends that the trial judge erred in considering his new wife's income together with his to calculate child support, and relies on the 1991 amendment of subpart (c) to argue that inclusion of her entire income is too broad an application of the statute. The thrust of his argument seems to be that the amendment was remedial, and thus should be retroactively applied. We disagree. The legislature did not provide for retroactive application of this statute, nor for a special effective date. Thus, we will apply the pre-amendment form of subpart (c).
In Germany v. Germany, 599 So.2d 350 (La.App. 1st Cir.1992), this court considered the applicability of § 315(6)(c) prior to its amendment to a child support determination where both former spouses had remarried. "The word `may' is permissive. Thus, the trial judge has discretion whether to consider this income or not. The standard of review is whether the trial court abused his discretion." 599 So.2d at 354.
Herein, it is very clear that the trial judge literally complied with the wording of the statute, and considered the benefits appellant derived from his remarriage and expense-sharing arrangement with the new Mrs. Naquin. The testimony was unequivocal that appellant benefitted from the expenses which his new wife met through her income. The statute does not restrict its applicability only to those subsequent marriages under a community property regime; by using the terms "benefits," "expense-sharing," and "other source," the legislature indicated that child support recipients were to participate in the good fortune of child support obligors, where appropriate, who themselves financially benefitted from subsequent living arrangements.
*984 Here, the trial judge heard testimony that appellant's income for some months subsequent to the divorce had been much higher at a job at Fagan Boat Company, where he earned $160.00 per day working 14 on, 14 off, until he lost this job due to his own misconduct. At the time of divorce, appellant was found to have a potential income of $1500.00 per month. Thus, in calculating child support and considering the request for reduction, the trial court was entitled to include the new Mrs. Naquin's income to the extent appellant benefitted from it in order to prevent appellant's children from suffering from the decrease in their father's income.
This assignment of error has no merit.

CHILD SUPPORT OF SUBSEQUENT SPOUSE
Appellant argues that the trial court erred in including in the calculations the $550.00 per month which his new wife testified she received in child support from a previous marriage. He cites LSA-R.S. 9:315(4)(d) as authority for his contention. It provides:
As used herein `gross income' does not include child support received, or benefits received from public assistance programs, including aid to families with dependent children, supplemental security income, food stamps, and general assistance, or per diem allowances which are not subject to federal income taxation under the provisions of the Internal Revenue Code.
In response to this argument when raised by counsel at the hearing, the trial judge stated:
It's gross income to the household and that's what I'm considering.... I'm considering this under Section 315-6C.... And as other income it doesn't say I can't consider it. It doesn't say I can't consider alimony that she gets or child support that she gets or anything else or other type of income the other wife has. What I getno matter what the source the Statute says, `consider as income the benefits a party derives from remarriage, expense sharing or other source.' Now that money coming in, although he supports the children, is still a benefit to him.
Laws on the same subject matter must be interpreted in reference to each other. LSA-C.C. art. 13. The trial court committed legal error in not construing § 315(6)(c) in pari materia. Subsection (1) of this same provision states, "`Adjusted gross income' means gross income, minus amounts for preexisting child support or spousal support obligations paid to another who is not a party to the proceedings, or on behalf of a child who is not the subject of the action of the court." [Emphasis added.] Likewise, the provision cited by appellant, Subsection (4), subpart (d), makes clear that even as to parties directly before the court, child support received on behalf of a child not involved in the current proceedings is not to be included in any of the court's calculations. Therefore, the trial judge was in error in attempting to do indirectly under Subsection (6)(c) what he could not do directly under Subsections (1) and (4)(d).
This assignment of error has merit.

ALIMONY
Appellant contends that the $150.00 per month alimony obligation he was condemned to pay to appellee, the second Mrs. Naquin[4], should be reduced or terminated, because there has been a change in circumstances. He states that he received a tax notice on February 21, 1991, subsequent to the previous rule, which requires him to pay back taxes of $13,000.00 that had accrued during his marriage to appellee. He also cites the case of Masters v. Masters, 517 So.2d 972 (La.App. 3rd. Cir.1987) for the proposition that this constitutes a *985 change in circumstances warranting a reduction of alimony and child support.
In Masters, the tax liability in question occurred when the Internal Revenue Service rejected a tax-exempt status claimed by the husband, who had worked out of the country during the marriage. The rejection, and therefore, the new obligation, "`did not manifest itself until after the establishment of the support decree.'" 517 So.2d at 974. Thus, it constituted a change in circumstances because of the increase in expenses of the husband.
Although the record herein contains few details on the tax liability in question, it is apparent that this issue was considered at the prior hearing and request for reduction on January 4, 1991, and probably earlier. Mr. Naquin's testimony as to the reason for the tax liability was terse and ambiguous: "Took the money out the employees' checks and didn't keep up the payments with IRS." There is no indication in this record as to the person responsible for this omission, or whether both parties participated in this action.
Appellee's counsel objected to testimony in this area, saying:
All of this was hashed out before. I don't think he's allowed to go into establishing a change in circumstances that occurred before the last rule. We've been down this road before and I don't think you're allowed two or three bites at the apple. He had a chance to do it last time he was here, the request was denied and I don't think he's allowed to keep rehashing those facts. That's the purpose of an appeal. You can't just keep coming back into court and trying this.
Although the trial court allowed appellant and his counsel to proceed in this line of testimony briefly, he made no response to the objection. However, he did later correct Mr. Naquin's statement that the liability was for $13,000.00, pointing out that the individual liability was only for $6,000.00, and that the corporation was liable for the penalty. The request for reduction of alimony was denied after the judge heard the testimony of the newly married Naquins on their financial situation and the testimony of Sandra Naquin that she was now working and earning $675.00 per month (gross).
We find no abuse of the trial court's discretion in this regard. This assignment of error has no merit.

CALCULATIONS
Appellee's gross income is $675.00 per month, but the trial court used $525.00, her net income, in the calculations. Therefore, we must amend the calculations to reflect compliance with LSA-R.S. 9:315(1), which specifies "gross income" as the beginning point for all calculations. Appellant's gross income is $800.00 and his new wife's is $400.00; therefore, the combined adjusted gross incomes amount to $1875.00. Appellant's share of this amount is 64 percent. When applied to the basic child support obligation of LSA-R.S. 9:315.14, which is $497.50, appellant's child support obligation is $318.40.

CONCLUSION
That portion of the judgment of the trial court regarding joint custody of the children, which was not appealed, is final. For the reasons stated herein, we reverse that portion of the judgment holding that the child support received by the third Mrs. Naquin for the child or children of her prior marriage could be included in the calculations under LSA-R.S. 9:315(6)(c). We amend the calculations of the child support obligation of appellant, Perry Joseph Naquin, to $318.40 per month, payable in equal amounts of $159.20 on the first and fifteenth of each month, and as amended, affirm. We affirm that portion of the judgment denying appellant's request for reduction of alimony. All costs of this appeal are assessed to appellant.
REVERSED IN PART, AFFIRMED IN PART, AMENDED IN PART, AND AS AMENDED, AFFIRMED.
NOTES
[1] Judge Grover L. Covington, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] There was a second hearing in this matter on January 4, 1991, which was not transcribed in this record, on similar rules filed by both parties, which resulted in a judgment dated February 21, 1991. Mr. Naquin's request for a reduction was denied.
[3] LSA-R.S. 9:315(6)(c) was amended by Acts 1991, No. 854, to subsequently read:

The court may also consider as income the benefits a party derives from expense-sharing or other sources; however, in determining the benefits of expense-sharing, the court shall not consider the income of another spouse, regardless of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of a party's actual expenses.
[4] Appellant testified that he had a daughter from a previous marriage, who would be eighteen on her next birthday, for whom he still paid $150.00 per month in child support. However, neither of the two affidavits of expenses which he filed in these proceedings indicated such an expense.

By this testimony, appellee would be his second wife, and the new Mrs. Naquin his third wife.