673 So.2d 333 (1996)
Dana John PHILLIPS
v.
Linda Celestin PHILLIPS.
No. 95 CA 2043.
Court of Appeal of Louisiana, First Circuit.
May 10, 1996.
*334 Donna Wright Lee, Baton Rouge, for Plaintiff/Appellee, Dana John Phillips.
Brent Michael Steier, Baton Rouge, for Defendant/Appellant, Linda Celestin Phillips.
Before FOIL, WHIPPLE and FOGG, JJ.
FOIL, J.
This is an appeal by the mother of two minor children from a judgment dismissing her rule to terminate or reduce child support. We affirm.

FACTS
Linda Phillips and Dana John Phillips were divorced on May 24, 1984. On March 5, 1990, Dana Phillips was granted sole custody of the two minor children born of the marriage. Linda Phillips subsequently married Robert Lowe. By stipulated judgment rendered on August 6, 1991, Linda Lowe agreed to pay Dana Phillips $125.00 per month in child support for their two children.
On March 1, 1995, Mrs. Lowe filed a rule to terminate or reduce child support on the grounds that she had become permanently disabled due to an automobile accident and had no income other than social security disability benefits. She also alleged the children were receiving social security benefits as a result of her disability. Thereafter, Mr. Phillips filed a rule for contempt and arrearages alleging Mrs. Lowe owed him $1,262.50 in arrearages for the period from January 1, 1993 through April 1, 1995.
The trial court held hearings on both rules on April 11, 1995. At the close of Mrs. Lowe's case-in-chief, the trial court granted opposing counsel's motion for involuntary dismissal of her rule to terminate or reduce child support. In rendering judgment, the court refused to consider the $40.00 per month each child received in social security benefits as income reducing Mrs. Lowe's basis child support obligation. The court then heard testimony on Mr. Phillips' rule for contempt and arrearages. At the conclusion of the hearing, the court rendered judgment against Mrs. Lowe for arrearages in the amount of $1,262.50, plus $750.00 in attorney's fees. However, the court did not find Mrs. Lowe guilty of contempt.
Mrs. Lowe now appeals the judgment dismissing her rule to modify child support. She argues the trial court erred in concluding her income had increased rather than decreased since the time of the prior award, in not considering the social security benefits received by the children to be a substantial change of circumstances, and in not considering the child support guidelines delineated in La.R.S. 9:315 et seq.

DISCUSSION
In considering a motion for involuntary dismissal, the trial court must determine whether the plaintiff has presented sufficient evidence on his case-in-chief to establish his claim by a preponderance of the evidence. La.C.C.P. art. 1672 B; Hutzler v. Cole, 93-0486 p. 5 (La.App. 1st Cir. 3/11/94), 633 So.2d 1319, 1323, writ denied, 94-0850 (La. 5/13/94), 637 So.2d 1070. Unlike the motion for a directed verdict in a jury trial, a motion for involuntary dismissal pursuant to La. C.C.P. art. 1672 B requires a judge to evaluate the evidence and render a decision based upon a preponderance of the evidence without any special inferences in favor of the opponent to the motion. Hutzler, 93-0486 at 5-6, 633 So.2d at 1324. A trial court's decision to dismiss based on La.C.C.P. art. 1672 B should not be reversed in the absence of manifest error. Shafer v. State, Through DOTD, 590 So.2d 639, 642 (La.App. 3rd Cir. 1991).
An obligation to pay child support may be modified only when there has been a substantial change in circumstances between the time of the prior award and the time of the rule seeking a modification. Barrios v. Barrios, 95-1390, p. 4 (La.App. 1st Cir. *335 2/23/96), ___ So.2d ___. The party seeking the modification has the burden of establishing a change of circumstances. Id.
In the present case, Mrs. Lowe argues the fact she is now disabled and her only source of income is disability benefits is a substantial change of circumstances justifying termination or reduction of child support. Specifically, she maintains the trial court erred in concluding the income from her disability benefits was greater than the income she earned at the time of the prior award.
The prior award of child support in this case was made by stipulated judgment rendered on August 6, 1991. Mrs. Lowe's 1991 tax return reveals she earned $2145.00 that year from her housecleaning business. She now receives $393.00 per month in disability benefits, totaling $4716.00 annually. In view of this evidence, the trial court's finding that Mrs. Lowe's income currently is greater than it was at the time of the prior award is a permissible view of the evidence, despite her testimony to the contrary. Therefore, we find no manifest error in the trial court's conclusion. See Stobart v. State Through DOTD, 617 So.2d 880, 883 (La. 1993).
Additionally, we find no abuse of discretion in the trial court's decision not to consider the social security benefits received by the children to be income reducing Mrs. Lowe's child support obligation. La.R.S. 9:315.7 provides that income of a child which can be used to reduce the child's basic needs "may be considered as a deduction from the basic child support obligation." The use of the word "may" makes this provision permissive. Thus, it is within the trial court's discretion whether to consider such income as a deduction from the basic child support obligation. Cf. Naquin v. Naquin, 610 So.2d 981, 983 (La.App. 1st Cir.1992); Germany v. Germany, 599 So.2d 350, 354 (La.App. 1st Cir.1992). In reviewing the trial court's decision, the standard of review is whether the trial court abused its discretion. Id. Considering the circumstances in this case, particularly the amount of child support paid by Mrs. Lowe and the amount of the children's social security benefits, we find the trial court did not abuse its discretion in declining to consider the children's benefits as a deduction pursuant to La.R.S. 9:315.7.
Based on our review of the record, we find no error in the trial court's determination that Mrs. Lowe failed to establish by a preponderance of the evidence a substantial change in circumstances justifying a termination or reduction in child support. Thus, the trial court properly dismissed her rule for modification of child support upon motion of opposing counsel.
For the above reasons, the judgment of the trial court is affirmed. Mrs. Lowe is to pay all costs of this appeal.
AFFIRMED.