IzCANNELLA, Judge.
K.L.T., the natural mother of the minor, D.L.M., III.,appeals from the Juvenile Court judgment in favor of D.R.S., the maternal grandmother of the child, and J.A.S., the spouse of D.R.S. and the maternal step-grandfather of the child, granting their petition for intrafamily adoption. For the reasons which follow, we affirm.
D.L.M. Ill was born on September 25, 1993. His mother, K.L.T., was 18 years old at the time of the birth and unmarried. D.L.M., Jr., the father of the child, on the birth certificate and not disputed herein, was 19 years old. When D.L.M. Ill was born, there was testimony that D.L.M. Jr. took the child and physically abused K.L.T. D.R.S. and J.A.S. assisted K.L.T. in hiring an attorney and obtaining the return and custody of D.L.M., III. K.L.T. brought D.L.M. Ill to live with D.R.S. and J.A.S.. K.L.T. resided there for a short while also and then moved back with D.L.M. Jr. D.R.S. was concerned about these living arrangements because she believed, based on what her daughter had Istold her, that D.L.M. Jr. was physically abusive. In proceedings in the Twenty-Fourth Judicial District Court for the Parish of Jeffei’son, D.R.S. and J.A.S. were awarded temporary custody of the child in January of 1995 and full custody of the child in July of 1996[1]. In April of 1996, D.R.S. and J.A.S. requested child support from K.L.T. and D.L.M., Jr. At a hearing on July 81,1996 the trial court, noting that the hearing officer had recommended that each parent pay $61.25 per month in child support, accepted on the record the parties’ consent to that recommendation. No child support was paid. On January 9, 1997, D.R.S. and J.A.S. filed, among other things, a rule for contempt for failure to pay child support. Following a status conference, no ruling was made on the motion. On March 3,1997, D.L.M. Jr. filed a motion for joint custody. The trial court ordered additional evaluations to be conducted.
On August 5, 1997, in Juvenile Court of Jefferson Parish, D.R.S. and J.A.S. filed for the intrafamily adoption of D.L.M. III. The child’s biological parents, K.L.T. and D.L.M. Jr., opposed the adoption. K.L.T. filed a Motion to Stay Proceedings in the Juvenile Court pending the outcome of a custody hearing in District Court. After a hearing the Juvenile Court denied the motion and the *1261 adoption proceedings went forward. After a hearing, the Juvenile Court ruled that D.R.S. and J.A.S. had met their burden of proof under La. C.Ch. art. 1245 that the consent of the parents to the adoption was unnecessary. The Juvenile Court further held that the adoption by the maternal grandparents, who had raised D.L.M. Ill for the past four years since his birth, was in the best interest of the minor child. Accordingly, the Juvenile Court granted the adoption. It is ffompthis judgment that K.L.T. has appealed.[2]
On appeal K.L.T. argues that the Juvenile Court erred in finding that K.L.T. had forfeited her right to consent to the adoption and also that the juvenile court erred in finding that the adoption was in the best interest of the child.
Intrafamily adoption is recognized in the Children’s Code as one of three types of adoption. La. C.Ch. art. 1170. Grandparents of a child are expressly listed as persons who may petition for intrafamily adoption, provided that the parent through whom they claim the right to petition is a parent recognized as having parental rights and the child has been in the home of the grandparents for six months prior to the filing of the petition for adoption. La. C.Ch. art. 1243.
Both of these conditions were met in this case. D.R.S. is the maternal grandmother of the child whose mother had previously been granted custody of the child. Further, the child has lived with D.R.S. virtually since birth, that is, for four years.
Generally, a parent’s consent is required for an intrafamily adoption. La. C.Ch. art. 1193. However, consent of a parent may not be necessary if the petitioners prove that the parents forfeited their right to consent as provided by La. C.Ch. art. 1245, which provides in pertinent part:
A. The consent of a parent as required by Article 1193 may be dispensed with upon proof of the required elements of either Paragraph B, C, or D.
B. When a grandparent, aunt, or uncle has been granted custody of the child by a court of competent jurisdiction and any one of the following conditions exist:
(1) A parent has refused or failed to comply with a court order of support for a period of one year.
|s(2) A parent is a nonresident of this state and has failed to support the child for a period of one year after a judgment awarding custody to the grandparent, aunt, or uncle.
(3) A parent has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of two years.
In this case, D.R.S. and J.A.S. contended that the parents’ consent was not necessary because they had refused or failed to comply with a court order of support for a period of one year. By consent, entered on the record at a hearing on July 31, 1996, the parents agreed to pay $61.25 per month each in child support. Virtually no payments have been made. There was testimony by the paternal grandmother that a $100 payment was tendered in July of 1997 and rejected. This was denied by D.R.S. and J.A.S.. Also, after the petition for adoption was filed, two payments were made in August of 1997 by K.L.T., for $10 and $25.
K.L.T. does not in brief dispute the fact that she has not made payments for a one year period. Rather, she argues that her non-payment was for just cause or circumstances beyond her control.
This court has recognized, in the case of In re Lambert, 545 So.2d 1122 (La.App. 5th Cir. 1989), writ denied, 548 So.2d 338 (La.1989), that “once non-payment of Court-ordered child support has been shown, it is the natural parent’s burden to prove that he had just cause not to pay or that the failure to pay resulted from circumstances beyond his control....”
K.L.T. argues that payment was beyond her control because her bills exceeded her income. K.L.T. is disabled, diagnosed with bipolar disorder, and receives Social Security Income of $484 per month.
| eFirst, it has been held that social security disability payments may be considered as income for purposes of child support. Phil *1262 lips v. Phillips, 95-2043 (La.App. 1st Cir. 5/10/96), 673 So.2d 333. Further, while it is true that K.L.T.’s income seems meager, there is no showing of a change in circumstances from the time of the consent to child support amount. K.L.T. basically had the same income with the same bills at that time and the hearing officer recommended the $61.25 per month child support sum to which K.L.T. consented. If her circumstances changed in some way, it was her responsibility to have the child support award amended or reduced. The $61.25 per month award was ordered in a valid court judgment. It should be noted that K.L.T., even at the outset, did not make a payment in accordance with the judgment.
Therefore, we find no error in the juvenile court ruling that K.L.T.’s non-payment of court ordered child support was without just cause and, thus, K.L.T.’s consent to the adoption was unnecessary under La. C.Ch. art. 1245.
However, even where the parent’s consent is obviated by failure to pay court ordered child support, the court must also consider what is in the best interest of the child in determining whether the adoption should proceed. In re Miller, 95-1051, 95-1052 (La.App. 1st Cir. 12/15/95), 665 So.2d 774.
La. C.Ch. art. 1255 provides:
A. The court, after hearing and after taking into consideration information from all sources concerning the intrafamily adoption, may enter a final decree of adoption, or it may deny the adoption. The basic consideration shall be the best interests of the child.
B. When a court has granted custody to either the child’s grandparents or his parent married to the stepparent petitioner, there shall be a rebuttable presumption that this adoption is in the best interests of the child.
|7ln the instant case, the maternal grandparents were awarded custody of the child by the Twenty Fourth Judicial District Court. Prior to that judgment, the maternal grandparents had physical custody of the child virtually his entire life. Thus, under La. C.Ch. art. 1255, there was a rebuttable presumption that the adoption was in the best interest of the child. Thus the question is whether K.L.T. produced sufficient evidence to rebut the presumption.
In lengthy and thorough reasons for judgment, the Juvenile Court concluded that it was in the best interest of the child for the adoption to take place. We have reviewed the record and find no manifest error in the juvenile court’s judgment.
The Juvenile Court took into consideration the relationship of the child with both grandparents and the child’s biological mother, considering the testimony of two experts. It was noted that both experts agreed that the child’s “psychological parents” are D.R.S. and J.A.S. The juvenile court considered that the grandparents have taken physical care of the child from the time of his birth and are in a position to continue doing so. K.L.T., on the other hand, has never taken physical care of the child, or provided any of his necessities and, from her testimony concerning income and debts, does not now appear to be in a position to do so. The testimony by the experts farther supported the finding that it would be devastating to the child to severe his relationship with his grandparents, but that his relationship with his mother was not of the same character.
K.L.T. testified that she simply left her child with her mother while she got back on her feet. Now, she contends that she is ready to care for the child. The Juvenile Court, in reaching its decision, relied on a previous case by this court, State in the Interest of M.P and B.P, 538 So.2d 1112 (La.App. 5th Cir.1989) which noted: “while adults can take years to improve their functioning, children are not granted the same amount of time and their lives are significantly disrupted while parents are attempting to deal with their problems.” We find this sentiment applicable in the instant case.
Accordingly, for the reasons set forth above, we affirm the judgment of the District Court granting the adoption of D.L.M. Ill by D.R.S. and J.A.S.. Costs of appeal are assessed against K.L.T.
AFFIRMED.

. The testimony of D.R.S. indicates that she was first awarded sole custody of the child in July of 1995. However, the only judgment contained in the record, filed as exhibits to the adoption petition, shows custody was granted in July of 1996. This date in July of 1996 is not relevant to consideration of the issues before us in this appeal.

. It should be noted that D.L.M. Jr. has not appealed and the judgment of adoption is final as to him.