PER CURIAM.
Appellee moves to dismiss this appeal taken by decedent’s surviving husband from a judgment annulling her last will and testament and recalling his appointment as testamentary executor. The judgment was rendered on a rule taken by an alleged adopted daughter of decedent in which she averred that as her adoption occurred subsequent to decedent having made the will, the will was thereby revoked and became ineffective. No evidence was taken at the hearing on the rule, the sole predicate for judgment being a stipulation dictated into the record by appellant’s then attorney as follows:
“Well, Your Honor, as attorney for Mr. Michel Quartararo, the respondent in this proceedings, let the record show that we do stipulate that Mrs. Quarta-raro, in 1954, did adopt * * * Mrs. Mary Calcagno Fiorello, and that in connection with same this morning we concur and agree that the rule be made absolute on the two points brought out by counsel.”
The ground urged for dismissal of the appeal is that appellant voluntarily and unconditionally “acquiesced in the rule and judgment.” C.P. art. 567; LSA-C.C.P. art. 2085. Appellant in answer to the motion to dismiss denies acquiescence on his part and alleges that the judgment was “effected” in the chambers of the trial judge by the attorneys and that he was not even present at the time.
Under the law an attorney at law has no authority to confess judgment unless he be specially authorized to do so. Edwards v. Edwards, 29 La.Ann. 597; Dockham v. Potter, 27 La.Ann. 73; Durnford v. Clark’s Estate, 3 La. 199; Harvin v. Blackman, 108 La. 426, 32 So. 452, 455. In the latter case the attorney’s action which the Court disapproved is set forth in the opinion as follows:
“ * * * Plaintiff by the judgment is divested of real estate which, under his allegations, which defendant does not deny, is worth $4,000, solely through a verbal admission and conclusion of law of an attorney at law, without any evidence in the record back of the admission. * * * ”
 The inventoried value of this estate is more than $45,000, and the question presented by the appeal is whether a testament is revoked by the subsequent adoption by the testatrix of a person over the age of 17 years. We do not know the facts *766 surrounding the rendition of the judgment or whether the attorney had authority from appellant to make the stipulation or to consent to judgment being rendered against his client. However, it might possibly be that the facts can be learned when the appeal is argued before us. Appeals are favored under the law and in light of the circumstances, we think that prudence dictates that the appeal be maintained for the present.
Therefore, the motion to dismiss is denied.
Motion denied.