STOULIG, Judge.
On its own motion, this court has inquired into its jurisdiction to entertain this appeal from the action of the juvenile judge in amending appellant’s rights of visitation with his two minor children. The inquiry was prompted by the fact that there was no written or signed judgment of the court’s decree in the record.
A review of the record reveals this matter originated with the filing on November 3, 1972 of the charge of Criminal Neglect of Family against appellant. On December 5, 1972, appellant was found not guilty and on this date the parties apparently submitted to the jurisdiction of the court for the purpose of setting child support in a stipulated amount and the fixing of the father’s right of visitation every Sunday between the hours of 9 a. m. and 8 p. m. There also appears a minute entry on November 25, 1975, extending the appellant’s right of visitation, pursuant to his rule for this purpose, from 10 a. m. Saturday to 6 p. m. Sunday on every weekend. The next minute entry, dated December 3, 1975, is the setting of a rule for contempt against the mother for violation of the court’s orders of visitation and a counter rule filed against the father to have the hours of visitation reduced. Both rules were consolidated for trial and resulted in the court’s finding that the mother was not guilty of contempt and reducing the father’s rights of visitation to every Sunday from 10 a. m. to 6 p. m. to be exercised in the home of the mother unless the minor children were willing to leave the premises with their father. It is from these rulings that the appellant has appealed.
The record also reflects there is a typewritten statement dated January 13, 1976 setting forth the rulings of the court, purporting to be a minute entry, which is neither initialed, signed nor certified. The transcript also contains the written reasons signed by the presiding judge which were rendered subsequent to the date of the hearing as requested in a written motion filed by appellant’s attorney on January 14, 1976.
This uninitialed minute entry does not constitute a judgment[1] within the contemplation of C.C.P. art. 1911 nor does the signed written reasons for judgment fulfill the requisites of this codal article, which provides: “Except els otherwise provided by law, all final judgments shall be read and signed by the judge.”
*908 The juvenile court of Jefferson Parish being a court of record [2] must render and sign its final judgment in the same manner as any other court of record — that is, in compliance with C.C.P. art. 1911. This conclusion is consistent with the provisions of R.S. 13 ¡1591(A) governing appeals from juvenile courts, which mandates: “ * * * Appeals from any final judgment of a juvenile court must be taken within fifteen days after said judgment is signed * * (Emphasis added.) This provision evinces the absolute necessity that the final judgment in a juvenile court proceeding must be in writing.
We now must consider whether an order fixing the rights of visitation is a final judgment. It is indisputable that once it attaches, the juvenile court retains jurisdiction during the minority of the children and may amend, modify or rescind its orders affecting the custody, support and welfare when the best interest of the minors so dictates.
The mere retention of jurisdiction with the right of modification and rescission does not change the character of an order fixing rights of visitation from a final to an interlocutory judgment. The order of visitation is dispositive of the rights of the parties under the attendant circumstances at the time of its rendition.[3] It is clothed with the presumption that it will continue until a change in conditions or circumstances warrant its modification or revocation in the best interest of the minors. An aggrieved party wishing to appeal from such a decree or order must do so within 15 days of the signing of the judgment and this appeal period does not commence to run until it is signed. Conversely if the aggrieved party fails to appeal within this prescribed time, the order of visitation becomes final and is incontestable thereafter except for a change in circumstances affecting the best interest of the children. We therefore conclude that a judgment setting forth a parent’s right of visitation is a final judgment and must comply with the provisions of C.C.P. art. 1911.
Accordingly we dismiss this appeal without prejudice.

APPEAL DISMISSED.

. Mestayer v. Mestayer, 302 So.2d 342 (La.App.3d Cir. 1974).

. R.S. 13 ¡1696(A).

. Being dispositive of the merits of the father’s right of visitation and not a preliminary matter in connection therewith, the judgment cannot fall within the classification of an interlocutory judgment as defined by C.C.P. art. 1841.