578 So.2d 549 (1991)
SUCCESSION OF Fadra Stelly MORVANT.
No. 89-1207.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1991.
*550 Edwards & Edwards, R. Chadwick Edwards, Jr., Abbeville, for appellant, Hilda Guidry.
Moresi & Moresi, Paul Moresi, Jr., Abbeville, for appellee, Presley Morvant.
Before STOKER, KNOLL and KING, JJ.
KNOLL, Judge.
This appeal concerns a contested testate succession and the issuance of a judgment of possession following the recitation of the terms of a joint stipulation by the litigants' attorneys in open court.
Fadra Stelly Morvant (decedent) died testate on February 2, 1980. Decedent had two children, Presley Morvant and Hilda Morvant Guidry. Morvant, the executor of the succession, filed a Petition for Probate of a Nuncupative Testament by Private Act. Guidry answered the petition, alleging that the provisions of the will unlawfully impinged upon her legitime. In addition, Guidry filed a petition for collation and a separate petition asking Morvant to render an accounting. Guidry died during the pendency of these proceedings, and her two children, Charles G. Guidry and Judy Guidry Saunier, were substituted as the proper parties.
On May 31, 1989, counsel for the parties appeared in court for the purpose of trial and entered into the following joint stipulation:
"BY MR. MORESI [counsel for Morvant]:
It is stipulated by and between all parties to this litigation that first the defendants agree to and will dismiss, and hereby ask *551 the Court for a consent order dismissing their petition for accounting and the petition for collating, with prejudice.
It is further stipulated that all known debts of the estate have been paid, but that any unknown debts that may later surface will be borne in the following proportions.
Three-fourths of said debts to Presley Morvant and one-fourth of said debts to Charles Gailen Guidry, Judy Ann Guidry or the succession of Hilda Morvant Guidry, if it is still open and pending at the time.
It is further stipulated that the defendants in this suit, the Succession of Hilda Morvant Guidry, and her heirsand/or her heirs, Charles Gailen Guidry and Judy Ann Guidry, will receive by way of compromise the following described property.
Number 1: The sum of $18,000.00 in cash, and Number 2: Ten acres of land situated in the southwest portion of Lot 1 of a plat dated January 19, 1952, made by Noyle Lewis, which will be part of this stipulation. And the description and dimensions that I am now dictating into the record as part of the stipulation are approximate, more or less, and will be confirmed by survey. But, it will be ten acres situated in the southwest portion of Lot 1, which will be generally bounded on the south by a public road, east by a publicpardon me, west by public road, and north and east by Presley Morvant. The approximate dimensions of the tract will be the southon the south line, approximately seven hundred and seventy, eight-point-three-two feet, running in a east/west direction. The north line will be approximately five hundred and ninety-one-point-thirty-one feet. The west line running along the blacktop public road will be approximately six hundred and sixty-three feet, and the east line will be approximately six hundred and thirty-six-point-zero-eight feet. And, we're making part of this stipulationthe plat of Noyle Lewis, just described, and this sketch that I will now mark as Exhibit 1.
I'd like the record to further reflect that the basis of this suit is a will contest in which Presley Morvant, the Executor of the estate and proponent of the will, alleges that the will is a valid will, and which does notthe bequest to him does not impinge on the legacy of the defendant, Hilda Morvant Guidry, or her heirs. On the other hand, the defendant alleges and claims in this lawsuit that the will does, in fact, impinge on the forced portion that she's entitled to, that the purpose of this stipulation is to compromise those differences, to forever put them away, and that this stipulation will be for the purpose of settling this suit and the parties agree that a consent judgment will be granted to the parties for the terms of the stipulation.
One other additional item concerning the compromise will be as follows. There presently exists mineral production on the ten acre tract that will be acquired by the defendant, Hilda Morvant Guidry, or her heirs, which is believed to be three-point-three-seven acres contained within the confines of the U. Motti R.C.S. U.A. Unit, which is believed to be presently operated by Great Southern Oil and Gas Company, Inc. It is stipulated between the parties that whatever existing production that exists on the above described unit or any unit, if that is the wrong unit, will be apportioned between the parties to this litigation in the following proportions. Three-fourths of said mineral production will go to Presley Morvant, and one-fourth of the mineral production will go to Hilda Morvant or her heirs.
It is further stipulated that the costs of the survey to delineate with some accuracy the ten (10) acres to be acquired by the defendant, will be borne by the defendants at their costat their sole cost. The remaining cost of the succession will be borne by the plaintiff, Presley Morvant.
THE COURT: All right. Mr. Edwards [counsel for Guidry and Saunier]?
MR. EDWARDS: Yes, sir, that is our stipulation.
THE COURT: Do you want to add anything?

*552 MR. EDWARDS: No, sir.
THE COURT: The Court accepts the stipulation. Judgment in accordance therewith will be signed upon presentation.
MR. MORESI: Thank you, Your Honor.
MR. EDWARDS: Thank you, Your Honor.
(BREAK IN PROCEEDINGS)
BY MR. MORESI: It is further stipulated by all the parties that the entire remainder of the estate, whether it be movable or immovable property, real or personal, mixed, moneys, landanything else, the entire remainder of her estate is to go to and be inherited by Preston Morvant.
THE COURT: Do you so stipulate?
MR. EDWARDS: Yes, sir.
THE COURT: Okay.
MR. EDWARDS: Thank you."
The attorney for Guidry and Saunier advised Morvant's counsel before the judgment of possession was presented to the trial court that his understanding of the stipulation differed from the proposed judgment. Nevertheless, on July 12, 1989, the trial court signed a judgment of possession based on the stipulation. Defendant then filed a motion for a new trial, asserting that the stipulation and judgment of possession should be set aside because of an error of fact. Particularly, Guidry and Saunier contended that they understood that they would receive the 10 acre tract and the $18,000 cash mentioned in the stipulation in addition to a certain 18 acre tract bequeathed to their mother in decedent's last will and testament. The trial court denied the motion for a new trial, stating:
"Because the parties entered into a Transaction or Compromise pursuant to Article 3071 of the Louisiana Civil Code by recitation in Open Court, which pursuant to Article 3078 has the authority of a thing adjudged, the Motion For New Trial filed by Judy Guidry and Galian [sic] Guidry is denied."
Guidry and Saunier suspensively appealed. On May 1, 1990, we denied Morvant's motion to dismiss the appeal, finding that the judgment of possession was not a consent judgment under LSA-C.C.P. Art. 2085. Our determination was made on the basis that Guidry and Saunier timely sought to vacate the judgment of possession in the trial court on the ground that the joint stipulation was based on an error of fact. Guidry and Saunier subsequently filed a peremptory exception of res judicata with us, urging that the basis for our decision on the motion to dismiss was dispositive of the issues raised on appeal. The exception of res judicata was referred to our decision on the merits of the appeal and will be addressed herein.

RES JUDICATA
Guidry and Saunier filed a peremptory exception of res judicata in the appellate court. They urge that our reasoning in the rejection of Morvant's motion to dismiss their appeal was dispositive of the other issues on appeal. We disagree.
The principle of res judicata is applicable only where a final judgment has been rendered, or in other cases specifically provided by law. LSA-R.S. 13:4231; LSA-C.C. Art. 3556(31). This court's judgment denying Morvant's motion to dismiss is an interlocutory decree. Therefore, in the absence of a final judgment on the merits, the peremptory exception of res judicata filed by Guidry and Saunier is inapplicable in the case sub judice.

COMPROMISE
In its denial of Guidry's and Saunier's motion for new trial, the trial court stated that it viewed the parties' joint recitation in open court as a compromise agreement.
Before we examine this pivotal issue, we must focus on the procedural setting presented herein so that we may better explain our analysis.
In our rejection of Morvant's motion to dismiss, we concluded that the judgment of possession, the vehicle which embodied the results of the courtroom proceeding, was not a consent judgment.
*553 A consent judgment is a bilateral contract and must be based on consent, an essential element of a contract. At the heart of the consent judgment is an admission by a party to the litigation of the validity of his opponent's claim against him in such a way as to leave no issue to be tried. Comment (c), LSA-C.C.P. Art. 2085.
The jurisprudence has established certain guidelines for determining whether a certain judgment was consensual. In King v. Crawford, 334 So.2d 476 (La.App. 1st Cir. 1976), writ refused, 337 So.2d 879 (La. 1976), the appellate court refused to dismiss an appeal, finding that although a consent judgment was confected, the appellant signified the withdrawal of his consent by refusing to sign it on the ground that the judgment did not reflect the stipulation to which all parties agreed. Likewise, the various appellate courts have looked to other procedural mechanisms utilized to show disagreement with a consent judgment which would signify rejection of the consensual requirement. In Martin v. Holzer Sheet Metal Works, Inc., 376 So.2d 500 (La.1979), the Supreme Court implied that it would have considered the rejection of the consent judgment had the employer's attorney objected on record to the provisions of the judgment or had he moved for a new trial. See also Hill v. Hill, 471 So.2d 1130 (La.App. 3rd Cir.1985).
In the case sub judice, Guidry and Saunier indicated their objection to the consent judgment by moving for a new trial. On this basis, without our determining the merits of their consensual objections, we properly refused to grant Morvant's motion to dismiss their appeal.
Transaction or compromise is defined in LSA-C.C. Art. 3071:
"A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form."
Whether reduced to writing or recited in open court and transcribed, the purpose of LSA-C.C. Art. 3071 is to insure the proper proof of extrajudicial agreements. Troxclair v. Parish of St. Charles, 450 So.2d 759 (La.App. 5th Cir.1984); Martin, supra. It follows, then, that if the agreement is recited in open court and is capable of transcription from the record, the agreement will be treated as though it was a written contract.
In Boudreaux v. LeBlanc, 517 So.2d 911 (La.App. 3rd Cir.1987), we stated:
"The scope of such an agreement [a C.C. Art. 3071 compromise] is regulated by Civil Code Article 3073, which states:
`Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them.
The renunciation, which is made therein to all rights, claims, and pretensions, extends only to what relates to the differences on which the transaction arises.' The effect of a compromise between the parties is stated in Civil Code Article 3078:
`Transactions have, between the interested parties, a force equal to the authority of things adjudged. They cannot be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected.'
Civil Code Article 3079 further provides:
`A transaction may be rescinded notwithstanding, whenever there exists an error in the person or on the matter in dispute, it may likewise be rescinded in the cases where there exists fraud or violence.' *554 Also, whether parties mutually consented to compromise can only be determined by examining the actions of the parties and the facts surrounding the asserted compromise."
A compromise is a contract. LSA-C.C. Art. 3071. Legal agreements have the effect of law upon the parties and the courts are bound to give legal effect to all such contracts according to the true intent of the parties. Smith v. Leger, 439 So.2d 1203 (La.App. 1st Cir.1983).
Compromise agreements cannot be attacked for an error of law or lesion. LSA-C.C. Art. 3078. However, compromise agreements can be contested for errors in calculation, error in the person, fraud, violence or an error on the matter in dispute. LSA-C.C. Arts. 3078, 3079.
In the case sub judice, Guidry and Saunier moved for a new trial. They contended that they were entitled to rescind the stipulation and the judgment of possession because there was an error of fact in the consummation of the agreement.[1] The basis for the motion, as stated earlier, was that they would receive an 18 acre tract of marsh land, and an additional 10 acres of land together with $18,000 cash to settle their claims of impingement of the legitime, collation, and demand for an accounting by the executor.
The minutes show that the trial court denied the motion for a new trial without a contradictory hearing and only allowed the litigants at a later court appearance to proffer evidence.
The only question presented for decision on a rule or motion for a new trial is whether the same shall be granted or refused and nothing more. Mitchell v. Windham, 426 So.2d 759 (La.App. 3rd Cir. 1983).
Generally speaking, it is not erroneous for the trial court to deny a motion for new trial without a hearing if the motion simply reiterates issues thoroughly considered on the the trial on the merits. Caffery v. Powell, 320 So.2d 223 (La.App. 3rd Cir.1975). However, the jurisprudence has likewise recognized that a contradictory hearing may be required if the allegations of the motion for new trial clearly show new facts or law reasonably calculated to change the outcome or reasonably believed to have denied the applicant a fair trial. Sonnier v. Liberty Mutual Insurance Company, 258 La. 813, 248 So.2d 299 (1971).
In the present case, the trial court correctly concluded that the judgment of possession embodied a compromise between the parties which was recited into the record in open court. However, under LSA-C.C. Art. 3079 and interpretative jurisprudence, contracts of compromise may be vitiated by error of fact bearing on the principal cause, and may be rescinded whenever there exists an error on the matter in dispute. Misuraca v. Metropolitan Life Ins. Co., 199 La. 868, 7 So.2d 167 (1942).
Viewing the motion for new trial liberally, it is evident that the motion's purpose was to seek rescission of the compromise agreement. As such, we find that the trial court should have held a contradictory hearing on the motion for a new trial since the motion did not simply reiterate facts and argument already discussed.
An agreement of transaction or compromise is limited in scope and only regulates what the parties intended and clearly comprehended it would regulate. Wagner v. Wagner, 535 So.2d 1269 (La. App. 3rd Cir.1988), writ denied, 538 So.2d 592 (La.1989). Evidence is therefore admissible *555 to determine what the parties intended to regulate by the transaction or compromise. The rule concerning parol evidence is liberally construed with regard to agreements of transaction or compromise. Wagner, supra.
Applying the jurisprudence to the case at hand, we find that the case should be remanded to the trial court for the taking of evidence.
For the foregoing reasons, the judgment of the trial court is reversed, and this case is remanded to the trial court to conduct a contradictory hearing on Guidry and Saunier's motion for a new trial. Costs of this appeal are assessed to Morvant. Costs of the trial court shall be assessed at the hearing on the motion for a new trial.
REVERSED AND REMANDED.
NOTES
[1] We will not discuss whether a motion for new trial was the proper manner to raise this issue. Motions for new trial generally are only provided for contradictory hearings, and our research failed to uncover any instance where a judgment of possession was attacked in this manner. In the present case, the compromise involved the issues of collation, impingement of the legitime, and an accounting, and, it was a trial on these questions which was obviated. Accordingly, the judgment of possession, was not the customary ex parte judgment. Therefore, for purposes of our discussion, we find that the motion for new trial was appropriate under these facts.