735 So.2d 737 (1999)
Cloteal Allen POLK, Plaintiff-Appellant,
v.
Eddie Lee POLK, Defendant-Appellee.
No. 98-1788.
Court of Appeal of Louisiana, Third Circuit.
March 31, 1999.
*738 James Earl Calhoun, for Cloteal Allen Polk.
William Daniel Dyess, Many, for Eddie Lee Polk.
BEFORE: YELVERTON, WOODARD, and GREMILLION, Judges.
WOODARD, Judge.
Ms. Cloteal Allen Polk appeals the trial court's denial of her motion for a new trial, wherein she sought to annul a consent judgment entered on her behalf by her attorney, Mr. John W. Pickett. The consent judgment stipulated that a twelve by fifty-six foot trailer house (the trailer), and lots five and six on Sabine Street (the lots) were the separate property of her ex-husband, Mr. Eddie Lee Polk. We reverse and remand.

FACTS
This matter stems from the partition of Mr. and Ms. Polk's community property assets and liabilities. Pursuant to a divorce judgment entered on May 14, 1996, Mr. Polk filed a petition to partition the community property on September 12, 1997. The sworn detailed descriptive list of community property attached to his petition presented some assets as being community property and described a note, in the amount of $7,500.00, payable to Sabine State Bank, as a community debt.
Ms. Polk answered the petition on November 3, 1997, providing a sworn descriptive list, wherein she claimed that "lots 5 & 6 on Sabine street" and "[o]ne (1) 12 × 56 trailer house" were acquired during her marriage with Mr. Polk. Pertinent to the existence of the mortgage, she stated:
Further, Eddie Lee Polk is currently incarcerated in the Sabine Parish Detention Center for criminal acts prosecuted under Docket # 46,906. There currently exist a mortgage on community property. The purpose of said mortgage was to finance Eddie Lee Polk's criminal defense. Your appearer is presently paying on this expense and is entitled to reimbursement of same.
(Emphasis added.)
Mr. Polk filed a motion to traverse the descriptive list on December 3, 1997, claiming that the information provided by Ms. Polk was inaccurate. The matter was set for hearing on January 12, 1998, but the trial date was upset without re-fixing a later date. On March 16, 1998, the trial court entered an order re-fixing the hearing for April 23, 1998.
Pursuant to the hearing, Mr. Polk with his attorney, and Mr. Pickett alone, entered into the following consent judgment:
IT IS ORDERED, ADJUDGED AND DECREED, that the defendant Eddie Lee Polk is hereby awarded the following described property, to-wit:
Lots Five and Six of the Sabine Addition to the town of Zwolle, Louisiana, as per plat recorded in Book 131 at page 635 of the Conveyance Records of Sabine Parish, Louisiana, together with all buildings and improvements situated thereon and the contents thereof, including one certain 1976 Manatee Mobile Home, VIN# SN067036776, with a 8 × 20 porch, addn and carport with a decal 870035.
Subsequently, Ms. Polk changed representation and filed a motion for new trial on June 29, 1998. In an affidavit filed in support of her motion for a new trial, she asserted that she never agreed to forfeit her interest in the property described in the consent judgment. She stated that the property was acquired by Mr. Polk in a community settlement from a previous marriage, while he was married to her.
During the hearing on the motion for new trial, Ms. Polk testified that she was not aware of the April 23, 1998 hearing until it was too late. In any event, she *739 asserts that she instructed Mr. Pickett of her determination to obtain all of the movable property and a discharge of her obligation under the mortgage. She asserted that she was still paying $249.00 in monthly mortgage payments and $100.00 in insurance premiums relating to the coverage of the real property.
Mr. Pickett confirmed that he entered into the agreement memorialized into the consent judgment. He stated that he notified Ms. Polk of the hearing by letter, fax, and a message on her answering machine. Regarding the substance of the consent judgment, he stated:
I believe if I remember correctly, the stipulation as to the immovable property was limited to the issue of the ownership of the immovable property only and there was a deed presented showing that it was purchased prior to marriage and the stipulation was that the immovable property was community, I'm sorry, was separate, was Mr. Polk's separate property.
The trial court dismissed Ms. Polk's motion for a new trial. Ms. Polk appeals suspensively.

LAW
Ms. Polk asserts that the trial court erred in denying her motion for a new trial when the consent judgment took place at a date for which the case was not regularly fixed for trial, and the judgment was entered into without her knowledge or authorization. Specifically, she argues that she did not expressly authorize Mr. Pickett to enter such a consent judgment, absent being simultaneously discharged of her obligation under the mortgage.
A consent judgment is defined as a bilateral contract, and as such, it becomes binding when the parties consent to it. La.Civ.Code art. 3071; Plaquemines Parish Gov't v. Getty Oil Co., 95-2452 (La.5/21/96); 673 So.2d 1002, Succession of Morvant, 578 So.2d 549 (La.App. 3 Cir. 1991). Consent judgments, as opposed to other judgments rendered against parties without their consent, may be annulled for error of fact or of the principal cause of the agreement. Borchardt v. Carline, 617 So.2d 970 (La.App. 4 Cir.), writ denied, 620 So.2d 844 (La.1993).
Procedurally, a consent judgment is not appealable when "voluntarily and unconditionally acquiesced." La.Code Civ.P. art.2085. Nevertheless, it may be appealed when a party indicated that it lacked the prerequisite consent. Succession of Morvant, 578 So.2d 549. Lack of consent may be found from a party's timely application for a new trial. See id.
Pursuant to the law of representation and mandate, an attorney does not have the authority to enter into a consent judgment, absent express authorization from the client. La.Civ.Code art. 2997(5); Succession of Quartararo, 127 So.2d 764 (La.App. 4 Cir.1961).
When reviewing, on appeal, a trial court's decision to deny a motion for a new trial, we are mindful of the principles set forth in La.Code Civ.P. art.1972 which provides, in pertinent part:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
In the case sub judice, Ms. Polk argues that she did not agree to the term of the consent judgment entered into by Mr. Pickett and that she would have consented to the stipulation only if it were simultaneous to Mr. Polk's release of her from her obligation on the mortgage of that property. When cross-examined at the hearing on the motion for a new trial, she stated:
I, in his office and also in your office, I stipulated what I wanted. I wanted the mortgage out of my name so I could move my store and my portable building.
*740 Ms. Polk's testimony regarding the stipulation was unrebutted. It is well settled that the trier of fact must accept uncontradicted testimony as true, even if it comes from a party, unless circumstances in the record cast suspicion on the reliability of the testimony. Rideaux v. Franklin Nursing Home, 95-240 (La.App. 3 Cir. 11/22/95); 664 So.2d 750, writ denied, 95-3093 (La.2/16/96); 667 So.2d 1058. There is no evidence in the record which would cast suspicion nor has the trial judge referred to any. Thus, the evidence clearly supports that Mr. Pickett did not have authority to unconditionally enter into such a consent judgment. This is not to say, however, that the property in question is not Mr. Polk's separate property. We have no way of reviewing this question, as nowhere in the record is the date of the marriage of plaintiff and defendant, and the issue of the merits is not before us. There are only contradictory legal conclusions regarding ownership.
Finally, the record does not establish that Ms. Polk, in fact, consented to the stipulation after the fact, instead, she timely filed a motion for a new trial.
Based on the record before us, we find that the trial court erred in denying Ms. Polk's motion for a new trial under La. Code Civ.P. art.1972(1).

CONCLUSION
For the foregoing reasons, we reverse the trial court's denial of Ms. Polk's motion for a new trial and remand the case to the trial court for a new trial.
REVERSED AND REMANDED.