I .BYRNES, Judge.
The mother, EKM, and her husband, LGM, appeal the January 26, 2000 judgment in which the juvenile court dismissed their petition for the interfamily adoption of the mother’s minor child, ASK. The natural father, GP, filed a motion to dismiss the appeal.

Motion to Dismiss

On May 4, 2000, the natural father GP filed a motion to dismiss, maintaining that the appeal is untimely. GP asserts that the judgment dismissing the adoption petition was rendered in the trial court on January 21, 2000. The judgment was signed on January 26, 2000, and on February 25, 2000, the plaintiffs/appellants, the mother and stepfather, filed a petition for appeal. On March 3, 2000, the juvenile court granted plaintiffs a suspensive appeal with a return date of March 20, 2000.
La, Ch.C. art. 1259 provides:
A. Any party to the proceedings or any other party in interest shall have the right to appeal a judgment granting or refusing to grant an interlocutory or final decree regarding any type of adoption within thirty days after the rendition of a judgment or decree.
B. If no appeal is perfected within thirty days after a judgment is rendered, the judgment shall be final.
Un the present case at issue is whether the wording “thirty days after the rendition of a judgment or decree” under La. Ch.C. art. 1259 means thirty days from the date that the juvenile court made its ruling or thirty days from the date that the judgment was signed. The appeal was timely if calculated thirty days from the date of the signed judgment but untimely if calculated from the date that the trial court ruled.
La. C.C.P. art. 2161 states:
An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.
*1103 While C.C.P. art. 2161 provides that an appeal should not be dismissed because of any irregularity, error or defect unless it is imputable to the appellant, the irregularities referred to do not include the failure to bring the appeal within the requisite period. Thomas v. Reliance Ins. Co., 215 So.2d 515 (La.App. 4 Cir.1968.)
La. C.C.P. art. 2162 states in pertinent part:
An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned.
Rule 2-8.1 of the Uniform Rules, Courts of Appeal provides:
|3Motions to dismiss or to remand appeals shall comply with the provisions of Rule 2-7. Such motions shall be submitted to the court by the clerk without oral argument within 10 days following the date of filing; provided, however, the court may, in its discretion, fix any such motion for oral argument, or refer the motion to the argument on the merits. The mover to dismiss or to remand may file a brief with the motion, and the opponent may file an opposition brief within 7 days of the filing of the motion.
An appellate court may, on its own motion, recognize its lack of authority to entertain an untimely appeal and dismiss it. State Farm Mut. Auto. Ins. Co. ex rel. Robinson v. Jimenez, 98-1057 (La.App. 5 Cir. 1/26/99), 726 So.2d 465. The natural father GP’s motion to dismiss is timely.
In some cases a written judgment is not required. It is not necessary that an interlocutory judgment be in writing or that it be signed by the trial court; it is sufficient merely that it be entered in the minutes. Prejean v. Ortego, 262 So.2d 402 (La.App. 3 Cir.1972). With respect to filing a writ application, Rule 4-3 of the Uniform Rules, Courts of Appeal states in pertinent part that: “the trial court shall fix a reasonable time within which the application shall be filed in the appellate court, not to exceed the thirty-day time period commenced from the date of the ruling at issue.... ” [Emphasis added.] The ’ thirty-day time period commenced from the date of the trial court’s ruling rather than the date of the judgment. This supports an interpretation that the time that the judgment is rendered may be different from the date of the signed judgment.
In McFarland v. Crowley Industries, Inc., 339 So.2d 861 (La.App. 3 Cir.1976), writ refused 342 So.2d 674 (La.1977), the appellate court noted that in the absence of a signed judgment from the transcript of an appeal requires that the appeal be dismissed, but the appeal taken after rendition but before signing of the! ¿judgment will not be dismissed if the signed judgment is included in the record filed in the appellate court. In that case, the date that the judgment was rendered is distinguished from the date that the judgment was signed.
La. C.C.P. art. 2121 states:
A. An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment.
An order of appeal may be granted on oral motion in open court, on written motion, or on petition. This order shall show the return day of the appeal in the appellate court and shall provided the amount of security to be furnished, when the law requires the determination thereof by the court.
When the order is granted, the clerk of court shall mail a notice of appeal to counsel of record of all other parties, to the respective appellate court, and the other parties not represented by counsel. The failure of the clerk to mail the notice does not affect the validity of the appeal. [Emphasis added.]
In Scarborough v. Duke, 514 So.2d 489 (La.App. 3 Cir.1987), pursuant to the Louisiana Code of Civil Procedure, the *1104 appellate court held that the signing of the actual trial court judgment in the case is the event which establishes the time frame for all subsequent events “triggering” the commencement of the delay period.[1] In State v. Bouvier, 336 So.2d 906 (La.App. 4 Cir.1976), the appellate court found that the appeal from the trial court’s orally announced decision to reject the plaintiffs’ rule to obtain custody of two minor children, in the absence of a signed judgment in the record, was premature and would be dismissed ex proprio motu. A judgment is not considered final and is not rendered until it is signed. Malbrough v. Kiff, 312 So.2d 915 (La.App. 1 Cir.1975); Meyer v. Esteb, 75 So.2d 421 (La.App. 1 Cir.1953). The date of signing of the judgment is the date from which prescription, execution and all other rights arise. Malbrough, supra.
In the present case, the judgment was rendered on the date that the judgment was signed rather than on an earlier date when the juvenile court made its ruling. The appeal was timely because it was filed within thirty days from the date of the signed judgment. The natural father GP’s motion to dismiss is denied.

Petition for Adoption

Statement of Facts

ASK has been living with her mother who married LGM on October 5, 1996. The appellants filed the petition of inter-family adoption on November 12,1998. A curator was appointed to represent the natural father, GP, an out-of-state resident. After a hearing on January 29, 1999, the parties reached a verbal stipulated agreement that was reduced to writing, and the juvenile court signed the stipulated judgment on March 12, 1999. The judgment provided that the adoption was to be held open for a period of nine (9) months, as a probationary period for GP to pay child support and have visitation rights. The judgment also provided that the minor child’s name be changed to have the last name of her stepfather.
A hearing was held on the appellants’ rule to show cause why the adoption should not be granted on January 21, 2000, and the judgment dated January 26, 2000 dismissed the adoption, without prejudice. The mother and stepfather’s appeal followed.
On appeal the mother and stepfather contend that the juvenile court erred in: (1) not conducting an evidentiary hearing on the petition of the adoption on January 29, 1999; (2) signing into judgment the joint counsel’s stipulation | r,providing for a probationary period for the child’s natural father on March 12, 1999; and (3) in dismissing the petition of adoption in its judgment dated January 26, 2000.

Stipulated Judgment

EK and LGM argue that the juvenile court should have considered the testimony of the parties at the January 29, 1999 hearing on the petition of interfamily adoption pursuant to La. Ch.C. art. 1245. They maintain that the juvenile court was required to hear testimony at the hearing under La. Ch.C. art. 1253, which provides that the court shall consider the testimony of the parties. They submit that the juvenile court should have addressed the issues of child support and the father’s interest or lack of interest in the child. EK and LGM aver that the juvenile court made no finding based on these issues in the judgment dated March 12, 1999. The mother and stepfather assert that the judgment should not have set out a probationary period for the natural father for visitation and child support payments.
The mother and stepfather claim that the juvenile court does not the authority to provide for visitation rights, which is under the authority of the district court. Howev *1105 er, La. Ch.C. Art. 309 provides that a court exercising juvenile jurisdiction has continuing jurisdiction over adoption proceedings and has the authority to modify any custody determination. The juvenile court has the authority to enter a custody order; however, in the present case, the parties agreed |7to the terns of the stipulated judgment that was based on the agreement of the parties rather than the adjudication of the juvenile court.
The March 12, 1999 judgment was based on the stipulations and approval of the parties. The terms of the judgment were accepted by the juvenile court. The judgment is in the form of a consent or confessed judgment where the parties agree to the terms.
La. C.C. art. 3071 provides:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which everyone of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
La. C.C. art. 3078 states:
Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected.
La. C.C.P. art.2085 states:
An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.
|SA “consent judgment” is essentially a bilateral contract that is voluntarily signed by the parties and accepted by the court; it has binding force from the voluntary acquiescence of the parties, not from the court’s adjudication. Gulledge v. Gulledge, 32,561 (La.App. 2 Cir. 8/18/99), 738 So.2d 1229. A consent judgment becomes binding when the parties consent to it. La. C.C. art. 3071; Polk v. Polk, 98-1788 (La.App. 3 Cir. 3/31/99), 735 So.2d 737. In Guidry v. Sothern, 98-1152 (La.App. 1 Cir. 5/14/99), 734 So.2d 928, the appellate court held that a final judgment between the parties was an unappealable consent judgment, even though it was not specifically termed a consent judgment; the judgment was sought by the parties. A consent judgment, as opposed to other judgments rendered against a party without consent, may be annulled for error of fact or of the principal cause of the agreement. Polk v. Polk, supra. The lack of the requisite consent to support a consent judgment may be found from the party’s timely application for new trial. Id.
In the present case, the parties agreed to the terms of the agreement, including the probationary period. They were bound by the judgment because of their agreement rather than by adjudication by the juvenile court. None of the parties filed a renunciation under La. C.C. art. 3078 or a timely application for new trial. The March 12, 1999 judgment was valid without an evidentiary hearing.

Dismissal of the Petition for Adoption

On appeal the mother and stepfather argue that the trial court erred in dismissing their petition for adoption without prejudice based on the juvenile court’s finding that the natural father complied with the stipulations of the probationary period. The mother and stepfather point *1106 out that the March 12, 1999 judgment provided that “... if [GP] fails to meet with the above conditions a 1 ¡judgment of adoption will be ordered.... ” One of the conditions was that “[GP] shall have visitation with the minor child, [ASK], either once a month or every other month....” The mother and stepfather assert that the natural father missed visiting his daughter from June 27 to September 8, 1999, and therefore, he did not comply with the provision of the judgment. They submit that the adoption must be granted based on the terms of the agreement.
La. Ch.C. Art. 1255 provides:
A. The court, after hearing and after taking into consideration information from all sources concerning the intra-family adoption, may enter a final decree of adoption, or it may deny the adoption. The basic consideration shall be the best interests of the child.
B. When a court has granted custody to either the child’s grandparents or his parent married to the stepparent petitioner, there shall be a rebuttable presumption that this adoption is in the best interests of the child.
The Second Circuit found that even though the parent may have lost her right for consent to be required for adoption, the adoption only should be granted if it is the best interests of the child in In re Leitch, 32,021 (La.App. 2 Cir. 3/31/99), 732 So.2d 632. Where the father lost his right to consent to an intrafamily adoption by failure to pay court ordered child support, the Fifth Circuit found that the juvenile court must consider what is in the best interests of the child in determining whether the adoption should proceed in In re D.R.S., 98-237 (La.App. 5 Cir. 8/25/98), 717 So.2d 1259. In the present case, the juvenile court retained its discretion to determine the best interests of the child.
In the present case custody was granted to the child’s mother married to the stepparent petitioner, so there was a rebutta-ble presumption that the adoption is in the best interests of the child pursuant to La. Ch.C. art. 1255 B. A hearing was held | inon January 6 and concluded on January 21, 2000. The juvenile court found that the natural father substantially complied with the terms of the stipulated judgment.
In its detailed reasons for judgment, the juvenile court found that the natural father made all of the child support payments timely. He also paid the mother’s attorney’s fees. The child’s surname was changed to the stepfather’s name in accordance with the stipulated judgment. The juvenile court noted that the natural father visited his daughter monthly or bi-monthly pursuant to the agreement except for one ten-week interval. During that interval the natural father testified that he telephoned twenty times and spoke with his daughter each time he called. He also talked to the mother and stepfather about making arrangements to schedule a visit during the ten-week interval. The mother and stepfather testified that there was no agreement relative to any confirmed visitation dates.
The juvenile court noted the mother and stepfather’s antagonism towards the natural father and their reluctance relative to good faith scheduling of visitation. The juvenile court pointed out that the natural father drove to New Orleans with birthday presents for his daughter, but he was not allowed to see her or give her presents. The natural father offered to pay for the mother, stepfather, and their son to accompany the natural father’s daughter on a Disney World vacation but the mother and stepfather declined. The juvenile court stated that the child wanted to see her natural father and she enjoyed her visits with him.
The primary consideration in adoption proceedings is whether the adoption is in the best interests of the child. In re Miller, 95 1051, 95 1052 (La.App. 1 Cir. 12/15/95), 665 So.2d 774, writ denied 96-0166 (La.2/9/96), 667 So.2d 541. Louisiana courts are reluctant to sever the parent/child relationship and derogate *1107 Infrom the natural rights inherent therein. JGG v. JLF, 556 So.2d 236 (La.App. 2 Cir.1990).
In the present case the record supported a finding that the natural father provided testimony that rebutted the presumption that the adoption was in the best interests of the child. Based on the above considerations, the juvenile court did not manifestly err or abuse its discretion in concluding that it was in the best interests of the child to stay in contact with her father. The juvenile court properly dismissed the petition for adoption without prejudice.
Accordingly, the judgment of the juvenile court is affirmed.

AFFIRMED.

. Generally, the date of the filing of the motion for appeal is the other controlling date for determining whether the appeal was taken timely. Tate v. Livingston Parish School Bd., 429 So.2d 225 (La.App. 1 Cir.1983).