895 So.2d 803 (2005)
Donald HAULCY, Plaintiff-Appellant,
v.
SAINT GOBAIN CONTAINERS, Defendant-Appellee.
No. 39,405-WCA.
Court of Appeal of Louisiana, Second Circuit.
March 9, 2005.
*804 Rellis P. Godfrey, for Appellant.
Rabalais, Unland & Lorio, by John J. Rabalais, Janice B. Unland, Robert T. Lorio, Covington, Brad O. Price, for Appellee.
Before WILLIAMS, STEWART and CARAWAY, JJ.
CARAWAY, J.
While paying workers' compensation benefits to its employee, the employer instituted this action, claiming that the employee's refusal to authorize the release of his pre-accident medical records thwarted its efforts to pursue a second injury fund claim under La. R.S. 23:1378. The employee reconvened for attorney's fees and costs of defending the employer's claim. After the employer obtained certain medical records of the employee and allowed its claim to be dismissed, the workers' compensation judge ("WCJ") also dismissed the employee's claim for attorney's fees and costs, finding no cause of action for such claim. The employee appeals the ruling, and for the following reasons, we affirm the WCJ.

Facts and Procedural History
The action was initiated on May 9, 2003, by the employer, Saint-Gobain Containers ("SGC"), which filed a 1008 claim form with the Office of Workers' Compensation ("OWC"). The complaint listed the employee's date of injury as November 29, 2001 and reported that the injury was to his lower back. The employer checked as the basis for "The Bona-Fide Dispute" the *805 provision entitled "other" and then listed the following claim:
Claimant refuses to authorize releae (sic) of medical records to allow Employer to pursue Second Injury Fraud (sic) Claim. Employer seeks Court order requiring production of Employee's pre-accidenet (sic) medical records in their entirety.
SGC later amended and clarified the claim to relate to a "Second Injury Fund Claim" pursuant to La. R.S. 23:1378.
The employee, Donald Haulcy, answered the action, denying his employer's claim for pre-accident medical records. He alleged that he had been first employed by SGC in January 1993 and denied that his present back injury, for which SGC was then paying disability benefits, was a "second injury" in any way related to his medical condition before 1993. Haulcy also asserted that SGC's demand for medical record releases was moot because SGC was pursuing such records by subpoena directed to each medical provider. Finally, Haulcy asserted a reconventional demand against SGC for costs and attorney's fees based on the following allegations:
Plaintiff in Reconvention shows Defendant in Reconvention is responsible and indebted unto him for all costs of this proceeding, to include reasonable attorney's fees to be set herein, because if Defendant in Reconvention sought the medical records for a second injury claim under authority of La. R.S. 23:1378 Defendant in Reconvention failed to provide the requisite information, to include, but not limited to:
1. What pre-existent injury and condition Plaintiff in Reconvention had January 30, 1993, on the date he was hired by Defendant in Reconvention;
2. Plaintiff in Reconvention's present injury is a permanent total disability;
3. Plaintiff in Reconvention's injury, if a permanent partial disability, has not been merged with a pre-permanent partial disability known by Defendant in Reconvention when Plaintiff in Reconvention was hired or occurred prior to Plaintiff in Reconvention's worker's compensatable (sic) accident on or about November 29, 2001; and
4. Defendant in Reconvention has failed to notify the Louisiana Worker's Compensation Second Injury Board in writing of such facts or furnish other such information as may be required by the Board within one year after the first payment of either compensation or medical benefits were made by Defendant in Reconvention.
Ultimately, this appeal results from the WCJ's dismissal of Haulcy's claim for costs and attorney's fees on the basis of no cause of action. Furthermore, the WCJ also refused to employ sanctions under La. C.C.P. art. 863 for the filing of SGC's 1008 complaint.
Additionally, while not the subject of this appeal, and apparently now a separate matter pending before the OWC, a 1008 claim has been filed by Haulcy for SGC's termination of payment of his disability benefits that occurred after this action had commenced. SGC has countered Haulcy's newly filed 1008 action with a claim of fraud under La. R.S. 23:1208 in the employee's obtaining of benefits. While the parties' arguments in this appeal have alluded to these other pending matters and made reference to numerous matters outside the record, these references are disregarded for purposes of this decision. Appellate briefs are not part of the record, and this court has no authority to consider on appeal facts referred to in *806 such briefs or in exhibits containing matters outside the record. Martin v. Comm-Care Corp., 37,600 (La.App.2d Cir.10/16/03), 859 So.2d 217, writ denied, 03-3188 (La.2/6/04), 866 So.2d 225.
Before the WCJ's dismissal of Haulcy's reconventional demand for costs and attorney's fees, the WCJ initially entered judgment dismissing SGC's 1008 claim to compel Haulcy to sign medical record releases. In hearings before the court, the parties agreed that said claim was moot since SGC had obtained such records by subpoena, leaving Haulcy's reconventional demand for costs and attorney's fees as the only remaining matter in this action. Following an April 19, 2004, hearing on SGC's exception to that claim, the WCJ dismissed the reconventional demand. This appeal by Haulcy ensued.

Discussion
Haulcy urges that the OWC erred in finding that he had no cause of action for costs and attorney's fees incurred due to Saint-Gobain's demand for medical releases. In reviewing the granting of an exception of no cause of action, the appellate court should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition. Baker v. LSU Health Sciences Ctr. Inst. of Professional Educ., 39,200 (La.App.2d Cir.12/15/04), 889 So.2d 1178.
Assuming arguendo that there was no procedural authority for SGC to file its 1008 claim against Haulcy and pursue the relief that it sought[1], there must still be authority for an award of attorney's fees. It is well-settled that attorney's fees are not recoverable unless expressly authorized by statute or by a contract between the parties. See, e.g., Huddleston v. Bossier Bank & Trust Co., 475 So.2d 1082 (La.1985). We find no authorization for an award of attorney's fees in Chapter 10 of Title 23 of the Revised Statutes in a case where an employer is simply unsuccessful in a demand under the compensation laws. Attorney's fees are stricti juris and available in only a few cases, such as the employer's improper discontinuance of benefits under La. R.S. 23:1201(I). Likewise, we find no evidence that Mr. Haulcy has formally been assessed with court costs by either of the judgments in the record.
Haulcy argues that he was entitled to sanctions under the auspices of La. C.C.P. art. 863, which provides, in part, as follows:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
* * *
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the *807 amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
Haulcy's reconventional demand made no formal motion for sanctions against Saint-Gobain, nor does he allege that the employer's pleading was filed in violation of La. C.C.P. art. 863. However, the issue was raised in later memoranda and was clearly considered by the WCJ at the hearing. Sanctions were denied. Appellate review of the decision to impose sanctions is under the manifest error/clearly wrong standard of review. Parker v. Progressive Ins. Co., 31,147 (La.App.2d Cir.10/28/98), 720 So.2d 408. The WCJ concluded that Saint-Gobain had the right to try to gather information to support a potential second injury fund claim. We do not find such discovery proceeding during a time in which SGC was actively making benefit payments to the employee to be sanctionable regardless of the propriety of the procedure.
Accordingly, finding no error in the ruling of the WCJ, the judgment of the OWC is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] Haulcy has asserted that SGC's 1008 claim was unauthorized under La. R.S. 23:1314.