NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-199
Consolidated with 23-200

KIRA LUANN VARISCO SMITH

VERSUS

AUSTIN MITCHELL SMITH

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2016-5581
(consolidated with 2017-1802)
HONORABLE DURWOOD W. CONQUE
DISTRICT JUDGE PRO TEMPORE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Charles G. Fitzgerald, Judges.

EAP
SJG
CGF

AFFIRMED.

Michael A. Rainey
Post Office Box 80067
Lafayette, LA 70598
Phone: (337) 504-5558
Fax: (337) 456-6809
Counsel for Plaintiff/Appellant:
     Kira Luann Varisco Smith

Kay Karré Gautreaux
405 West Convent Street
Lafayette, LA 70501
Phone: (337) 232-7747
Fax: (337) 232-7757
Counsel for Defendant/Appellee:
     Austin Mitchell Smith

**FITZGERALD, Judge.**

This is an appeal of a consent judgment of child support and contempt.

## FACTS AND PROCEDURAL HISTORY

Kira Luann Varisco Smith and Austin Mitchell Smith were married, are now divorced, and are the parents of two minor children. Custody and child support were established in 2017. Thereafter, on March 22, 2022, Austin filed a rule to modify child support. Kira, in turn, filed a motion for contempt for nonpayment of child support.

On December 15, 2022, a hearing officer conference was held on both matters. Two weeks later, on December 29, 2022, the hearing officer issued findings of fact and recommendations. Neither party objected.

Thus, on January 18, 2023, the trial court signed a judgment adopting the recommendations of the hearing officer. Kira appealed. And on appeal, she asserts two assignments of error:

1. The trial court committed legal error, or alternatively was manifestly erroneous or abused its discretion, by failing to determine and make executory the child support arrears retroactive to the date of judicial demand, 22 March 2022.

2. Additionally, the amount of attorney's fees awarded by the trial court against [Austin] should be increased considering the work necessary on the appeal, and all costs of this appeal should also be cast against [Austin].

## LAW AND ANALYSIS

*First Assignment of Error*

Importantly, the judgment of January 18, 2023, is a consent judgment: the hearing officer made recommendations on child support and contempt, neither party objected, and the recommendations were adopted as a final judgment in accordance with La.R.S. 46:236.5(C). "A consent judgment is defined as a bilateral contract,

and as such, it becomes binding when the parties consent to it." *Polk v. Polk*, 98-1788, p. 3 (La.App. 3 Cir. 3/31/99), 735 So.2d 737, 739. While a consent judgment is normally not appealable, it can be appealed for a vice of consent, such as an error of fact. *Id.* But when this happens, the record on appeal must substantiate the alleged error. Otherwise, the proper vehicle is a motion for new trial or a nullity action.

Here, Kira notes that the hearing officer made various findings of fact and recommendations on December 29, 2022. But according to Kira:

> The recommendations, however, mistakenly failed to calculate the support arrears owed . . . , and failed to formally determine and make those arrears executory.
>
> The hearing officer corrected the findings of fact and recommendations on the same day, 29 December 2022, to include arrears owed from 22 March 2022 through 15 December 2022. No objection was filed by either party to these corrected recommendations. The trial court, however, signed the original recommendations which did not calculate the arrears due.

Importantly, the record before us does not include any corrected findings of fact or corrected recommendations. Yet there seems to be merit to Kira's version of events because Austin's brief also refers to the corrected findings of fact by stating: "The Hearing Officer also determined the Father's child support arrearages from March 22, 2022 through December 15, 2022 to be $12,608.55, which should be paid at a rate of $50.00 per month until paid in full." (Emphasis in original).

The quoted sentence purportedly comes from the corrected findings of fact: the findings of fact in the record on appeal do not include this sentence. As a court of record, our review is limited to evidence in the record before us. La.Code Civ.P. art. 2164; *Hover v. Farber*, 05-613 (La.App. 5 Cir. 1/31/06), 922 So.2d 637. "Appellate briefs are not part of the record, and this court has no authority to consider on appeal facts referred to in such briefs or in exhibits containing matters outside the

record." *Haulcy v. Saint Gobain Containers*, 39,405, p. 3 (La.App. 2 Cir. 3/9/05), 895 So.2d 803, 805-06.

And this brings us back to Kira's first assignment of error: the trial court legally erred "by failing to determine and make executory the child support arrears[.]" We disagree. In *C.G.D. v. M.W.D.*, 00-1492, p. 3 (La.App. 3 Cir. 2/28/01), 782 So.2d 1128, 1130, a different panel held that "[t]he trial court was not legally empowered to substitute a judgment which expanded upon the unobjected to recommendations of the hearing officer." Here, the unobjected to recommendations were adopted as a final judgment. There is no legal error.

Kira also asserts that the trial court manifestly erred or abused its discretion in failing to address the child support arrearages. "Manifest error" and "abuse of discretion" are distinct review standards for evaluating factual findings. Yet the trial court did not make any independent findings of fact; the trial court adopted the hearing officer's recommendations as a final judgment after confirming that no written objection had been filed.

The bottom line is this: Kira appealed because the hearing officer issued corrected findings of fact and recommendations on December 29, 2022; neither party objected to the corrected findings and recommendations; but the trial court then mistakenly signed a judgment adopting the original recommendations; and the original recommendations did not calculate the arrears due. In effect, Kira is asking this court to reform the consent judgment based on a bilateral error of fact. However, the alleged error of fact does not appear in the record before us. And for that reason—because Kira is challenging the consent judgment for reasons going beyond the record—the relief being sought in this appeal is denied. Instead, the proper procedural mechanism is an ordinary action filed in the trial court to annul or reform

3

the consent judgment. The trial court will then be able to determine whether consent was vitiated by error after considering the evidence.

In summary, there is nothing in the record before us to support Kira's first assignment of error. The assignment is without merit.

*Second Assignment of Error*

Kira is requesting additional attorney fees for work done in this appeal. The trial court's judgment awards Kira $750.00 in attorney fees. And had Kira prevailed in this appeal, her request for additional fees might have merit. But she has not prevailed. Her request is therefore denied.

## DECREE

The judgment on appeal is affirmed, reserving to Kira Luann Varisco Smith the right to seek appropriate relief as discussed herein. And the costs of this appeal are assessed to Kira Luann Varisco Smith.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-199
Consolidated with 23-200

KIRA LUANN VARISCO SMITH

VERSUS

AUSTIN MITCHELL SMITH

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2016-5581
(consolidated with 2017-1802)
HONORABLE DURWOOD W. CONQUE
DISTRICT JUDGE PRO TEMPORE

\*\*\*\*\*\*\*\*\*\*

CHARLES G. FITZGERALD
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Charles G. Fitzgerald, Judges.

AFFIRMED.

Michael A. Rainey
Post Office Box 80067
Lafayette, LA 70598
Phone: (337) 504-5558
Fax: (337) 456-6809
Counsel for Plaintiff/Appellant:
     Kira Luann Varisco Smith

Kay Karré Gautreaux
405 West Convent Street
Lafayette, LA 70501
Phone: (337) 232-7747
Fax: (337) 232-7757
Counsel for Defendant/Appellee:
     Austin Mitchell Smith

**FITZGERALD, Judge.**

This is an appeal of a consent judgment of child support and contempt.

## FACTS AND PROCEDURAL HISTORY

Kira Luann Varisco Smith and Austin Mitchell Smith were married, are now divorced, and are the parents of two minor children. Custody and child support were established in 2017. Thereafter, on March 22, 2022, Austin filed a rule to modify child support. Kira, in turn, filed a motion for contempt for nonpayment of child support.

On December 15, 2022, a hearing officer conference was held on both matters. Two weeks later, on December 29, 2022, the hearing officer issued findings of fact and recommendations. Neither party objected.

Thus, on January 18, 2023, the trial court signed a judgment adopting the recommendations of the hearing officer. Kira appealed. And on appeal, she asserts two assignments of error:

1. The trial court committed legal error, or alternatively was manifestly erroneous or abused its discretion, by failing to determine and make executory the child support arrears retroactive to the date of judicial demand, 22 March 2022.

2. Additionally, the amount of attorney's fees awarded by the trial court against [Austin] should be increased considering the work necessary on the appeal, and all costs of this appeal should also be cast against [Austin].

## LAW AND ANALYSIS

*First Assignment of Error*

Importantly, the judgment of January 18, 2023, is a consent judgment: the hearing officer made recommendations on child support and contempt, neither party objected, and the recommendations were adopted as a final judgment in accordance with La.R.S. 46:236.5(C). "A consent judgment is defined as a bilateral contract,

and as such, it becomes binding when the parties consent to it." *Polk v. Polk*, 98-1788, p. 3 (La.App. 3 Cir. 3/31/99), 735 So.2d 737, 739. While a consent judgment is normally not appealable, it can be appealed for a vice of consent, such as an error of fact. *Id.* But when this happens, the record on appeal must substantiate the alleged error. Otherwise, the proper vehicle is a motion for new trial or a nullity action.

Here, Kira notes that the hearing officer made various findings of fact and recommendations on December 29, 2022. But according to Kira:

> The recommendations, however, mistakenly failed to calculate the support arrears owed . . . , and failed to formally determine and make those arrears executory.
>
> The hearing officer corrected the findings of fact and recommendations on the same day, 29 December 2022, to include arrears owed from 22 March 2022 through 15 December 2022. No objection was filed by either party to these corrected recommendations. The trial court, however, signed the original recommendations which did not calculate the arrears due.

Importantly, the record before us does not include any corrected findings of fact or corrected recommendations. Yet there seems to be merit to Kira's version of events because Austin's brief also refers to the corrected findings of fact by stating: "The Hearing Officer also determined the Father's child support arrearages from March 22, 2022 through December 15, 2022 to be $12,608.55, which should be paid at a rate of $50.00 per month until paid in full." (Emphasis in original).

The quoted sentence purportedly comes from the corrected findings of fact: the findings of fact in the record on appeal do not include this sentence. As a court of record, our review is limited to evidence in the record before us. La.Code Civ.P. art. 2164; *Hover v. Farber*, 05-613 (La.App. 5 Cir. 1/31/06), 922 So.2d 637. "Appellate briefs are not part of the record, and this court has no authority to consider on appeal facts referred to in such briefs or in exhibits containing matters outside the

2

record." *Haulcy v. Saint Gobain Containers*, 39,405, p. 3 (La.App. 2 Cir. 3/9/05), 895 So.2d 803, 805-06.

And this brings us back to Kira's first assignment of error: the trial court legally erred "by failing to determine and make executory the child support arrears[.]" We disagree. In *C.G.D. v. M.W.D.*, 00-1492, p. 3 (La.App. 3 Cir. 2/28/01), 782 So.2d 1128, 1130, a different panel held that "[t]he trial court was not legally empowered to substitute a judgment which expanded upon the unobjected to recommendations of the hearing officer." Here, the unobjected to recommendations were adopted as a final judgment. There is no legal error.

Kira also asserts that the trial court manifestly erred or abused its discretion in failing to address the child support arrearages. "Manifest error" and "abuse of discretion" are distinct review standards for evaluating factual findings. Yet the trial court did not make any independent findings of fact; the trial court adopted the hearing officer's recommendations as a final judgment after confirming that no written objection had been filed.

The bottom line is this: Kira appealed because the hearing officer issued corrected findings of fact and recommendations on December 29, 2022; neither party objected to the corrected findings and recommendations; but the trial court then mistakenly signed a judgment adopting the original recommendations; and the original recommendations did not calculate the arrears due. In effect, Kira is asking this court to reform the consent judgment based on a bilateral error of fact. However, the alleged error of fact does not appear in the record before us. And for that reason—because Kira is challenging the consent judgment for reasons going beyond the record—the relief being sought in this appeal is denied. Instead, the proper procedural mechanism is an ordinary action filed in the trial court to annul or reform

3

the consent judgment. The trial court will then be able to determine whether consent was vitiated by error after considering the evidence.

In summary, there is nothing in the record before us to support Kira's first assignment of error. The assignment is without merit.

*Second Assignment of Error*

Kira is requesting additional attorney fees for work done in this appeal. The trial court's judgment awards Kira $750.00 in attorney fees. And had Kira prevailed in this appeal, her request for additional fees might have merit. But she has not prevailed. Her request is therefore denied.

## DECREE

The judgment on appeal is affirmed, reserving to Kira Luann Varisco Smith the right to seek appropriate relief as discussed herein. And the costs of this appeal are assessed to Kira Luann Varisco Smith.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.