LOTTINGER, Judge.
This is a suit to quiet title and for a judicial determination of boundaries filed by James S. King, Jr., against Mrs. Everett Crawford and the heirs of Wilbur Smith. From a judgment in favor of petitioner, James S. King, Jr., Mrs. Crawford and the Smith heirs have appealed.
The record points out that this suit was originally filed on January 17, 1969. After an exception was disposed of, trial was commenced on January 4, 1973. While the trial was underway, the parties agreed to a stipulation in an attempt to settle amicably this dispute. A survey was performed and a map was prepared in accordance with the stipulation. A consent judgment was prepared in order to put into writing the settlement of the parties in accordance with the stipulation and survey. Counsel for all defendants refused to sign the consent judgment contending that the survey was in error, and the judgment did not reflect the stipulation of the parties.
Since the defendants refused to sign the consent judgment, petitioner on November 25, 1974, sought a “show cause” order as to why the judgment should not be granted. A hearing on the rule to show cause was fixed for December 13, 1974. A dilatory exception of unauthorized use of summary proceeding was filed, and opposition was raised that the judgment did not reflect the stipulation entered into by the parties. The *477 hearing was refixed for January 10, 1975, and the minutes of the Court for that date reflect as follows, to-wit:
“This matter came on to be heard on rule to show cause why judgment should not be signed. * * * The matter was heard and submitted to the Court and the Court signed judgment in accordance with stipulation. * *
All defendants-appellants contend that the Trial Judge erred in the use of summary proceedings for the signing of the judgment, and that the judgment is in error because it does not conform with the stipulation.
ON MOTION TO DISMISS
Appellee, James S. King, Jr., filed in this Court, prior to oral argument, a motion to dismiss the appeal. This motion has been referred to the merits. The appellee contends in his motion to dismiss that the defendants have confessed and acquiesced in the judgment rendered by the Trial Court inasmuch as they agreed to the stipulation which in turn became the judgment. LSA-C.C.P. art. 2085.[1]
We cannot agree that the defendants either confessed or acquiesced in the judgment rendered by the Trial Court. There is in the record a stipulation to which all parties agreed, but prior to the signing of the prepared judgment by the Trial Judge, all of the defendants argued and contended that the judgment did not reflect this stipulation. We, therefore, find the motion to dismiss to be without merit.
ON THE MERITS
Appellants contend that the Trial Judge erred in the unauthorized use of summary proceeding in determining whether the prepared judgment should be signed, as well as the fact that the judgment does not conform with the stipulation.
We find no need to discuss the alleged unauthorized use of summary proceeding, for after a detailed reading of the stipulation [2] dictated into the record, we find that *478 the survey does not agree with the stipulation, is lacking in detail, and that the judgment that has been granted does not agree with the stipulation.
The first stipulation is adequately covered by the survey, but the property description in the stipulation calls for the use of the western bank of Star Creek as the boundary line rather than the center line of Star Creek as provided for by the judgment.
Stipulation No. 2 and 3 make reference to a fence of the Smith heirs located in Lot 3, but this fence is not denoted on the survey, and thus it is impossible to determine whether the survey is in compliance with the stipulation. The survey should give the location of the fence as described in Stipulation No. 2, and the entire fence should be run, and not merely the locations of either end.
Stipulation No. 4 also makes reference to fences, and these fences are not shown with any certainty on the survey, and thus the survey should be corrected to show the exact location of these fences, by running the entire length of the fence, and not simply showing the locations of each end of the fence.
As to Stipulation No. S, we find that there is no language in the judgment granting to Mrs. Crawford the remainder of Lot 4 and Lot 4 east of the gravel road. The judgment therefore would need to be corrected to show the adjudication to Mrs. Crawford of this property.
In addition, we note that the survey is , apparently in error when it has Lot 4 as being north of Lot 3, whereas, the reverse is the correct position of these two lots.
We are of the opinion that the parties to this law suit are bound by the stipulation that was entered into freely and voluntarily, but we are compelled to reverse the judgment of the Trial Court and remand this case so that the survey and judgment can be corrected in accordance with the views expressed hereinabove. All costs of this appeal are to be paid by the appellee.
REVERSED AND REMANDED.

. LSA.-O.C.P. art. 2085 provides:
“An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rende'red against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.”

. The stipulation reads as follows:
“The first stipulation, run a line 204.5 feet northwest along the north Headright line of Headright 37, Township 1 South, Range 11 East, Washington Parish, Louisiana; measured from the intersection of the north line of Headright 37 in the Western Bank of Star Creek as per the Berlin survey which has been offered into evidence, dated January 12, 1966; thence turn and angle to the left and run due south to the gravel road. The north portion of the Head-right line, the gravel road, and Star Creek will be declared by judgment to belong to Mr. J. S. King, Jr. The remainder of the land marked for identification as Parcel ‘A’ in the Plaintiff’s Exhibit No. 6, will be decreed to be owned by Mrs. Crawford. “Stipulation No. 2, J. S. King, Jr. is to receive the north 100 feet of the area enclosed by the Smith heirs by fence located in Lot 3 of Section 18 of Township 1 South, Range 11 East.
“Stipulation No. 3, J. S. King, Jr., will also be declared to be the owner of all of Lot 3 North of the above described north Smith fence which runs east and west and is located in Lot 3 as described above.
“Stipulation No. 4, the heirs of Alcus Smith will be declared by judgment to be owners of the remainder of Lot 3 and all of Lot 4 lying west of the gravel road that is presently under fence; and, in addition are decreed to be the owners of an area of ground 110 feet measuring north and south, lying adjacent to and south of their south fence line in Lot 4 of Section 18, Township 1 South, Range 11 East. “Stipulation No. 5, Mrs. Everett Crawford will be declared and adjudicated the owner of all of the remainder of Lot 4 and Lot 4 East of the gravel road and in addition that *478 small area approximately 30 feet lying between the fence of the Smith heirs and Headright 37 line.
“Stipulation No. 6, Mrs. Crawford will be decreed to be the owner of all of Lot 3 east of the existing Smith fence and south of the property heretofore decreed to be the property of Mr. King in Lot 3.”