McClendon, j.
| ¡>This appeal arises from a February 3, 2004 judgment clarifying an earlier judgment dated January 31, 2002, prohibiting Phillip W. Manuel and Carolyn Barr Manuel from using their residential property for commercial purposes in violation of subdivision restrictions and ordering the Manuels to permanently remove any construction equipment from their residential property. For the reasons that follow, we dismiss the appeal.
On April 9, 2003, Ryland and Patricia Bringol, owners of Lot 38 in Mill Creek Subdivision, filed a petition, as intervenors, in the present action to have the Manuels held in contempt of court for their alleged violations of the judgment signed on January 31, 2002, ordering the Manuels to “permanently remove any construction equipment that is kept on Lot 39 in Mill Creek Subdivision.”[1]
The motion for contempt was scheduled for hearing on December 1, 2003. At the hearing on that date, the parties agreed to pass the motion for contempt until February 18, 2004, if necessary, and agreed to clarify the provisions of the January 31, 2002 judgment for the Manuels.[2] The Manuels were present with their attorney. The earlier judgment was clarified in open court and the judgment with the clarification was signed on February 3, 2004. The Manuels appeal asserting that the February 3, 2004 judgment is an invalid judgment because there is no stipulation in the record that they ever agreed to any “clarification.”
Pursuant to LSA-C.C.P. art.2085, “[a]n appeal cannot be taken by a party who confessed judgment in the proceeding in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him.” Furthermore, where there is no right to appeal, an appellate court may dismiss an appeal on its own motion. LSA-C.C.P. art. 2162. A consent judgment is affinal judgment as between the parties. Guidry v. Sothern, 98-1152, p. 4 (La.App. 1 Cir. 5/14/99), 734 So.2d 928, 930-31.
Further, a stipulation has the effect of a judicial admission or confession, which binds all parties and the court. Stipulations between the parties in a specific case are binding on the trial court when not in derogation of law. Such agreements are the law of the case. Becht v. Morgan Bldg. & Spas, Inc., 02-2047, p. 5 (La.4/23/03), 843 So.2d 1109, 1112, citing R.J. D’Hemecourt Petroleum, Inc. v. McNamara, 444 So.2d 600, 601.
The transcript of the December 1, 2003 hearing clearly reflects an agreement by the parties:
BY THE COURT: As I appreciate it, the matter was before the Court today for a rule on contempt. By consent, we’ve agreed to maintain Judge Rams-hur’s original judgment in full force and effect. We’re going to pass the contempt hearing today, and by agreement, *270 we’re going to not modify but at least clarify, to the extent possible, the provisions of Judge Ramshur’s injunction prohibiting commercial activity. Is that correct, gentlemen?
BY MR. MODICA: Yes, Your Honor. It’s passed to a date in February, and we’ll get that date from your court reporter or docket clerk.
BY THE COURT: All right. Do you want to state for the record what the clarification or amendment to the judgment amounts to?
Thereafter, Mr. Módica, the Brignols’ and Mill Creek Homeowner Association’s attorney, stated for the record the clarification of the judgment. The trial court then asked the Manuels’ counsel:
BY THE COURT: Mr. Smith?
BY MR. SMITH: Just a couple of comments, Your Honor...
The parties then further discussed and clarified the use of Mr. Manuel’s pickup truck, tractor and other equipment. At the close of the hearing, when the court suggested that the attorneys “get together on the language for clarification of the judgment^]” the following discussion took place:
BY MR. SMITH: Just one more thing, Your Honor. If a trailer is used for personal purposes and not used at all for commercial purposes, is there any problem with it being there?
BY THE COURT: No, if it’s not used for commercial purposes, then there’s nothing wrong with it being there. Anybody else that | ¿has a trailer out there, if it’s not associated with a commercial use, then they can keep it there.
BY MR. SMITH: All right.
BY THE COURT: It’s not a complicated proposition. If it’s something that’s associated with Mr. Manu[e]l’s business, don’t keep it out there unless you’ve brought it home to use it for something calculated, reasonably calculated, to improve his own premises, and a good faith effort in improving his own premises is what we’ve stated earlier for the record as, at least three hours of work. We don’t put any time frame on that. Mr. Manu[e]l might want to come home at 5 o’clock in the afternoon and work with his excavator until dark at 9 in the summer. That’s fíne. And he may want to get up early the next morning and use it some more. That’s fine. He can store it there; he can keep it in the shed. It’s not that complicated. If everyone tries to be reasonable and work in a reasonable effort to get along, then there shouldn’t be any more problems.
BY MR. SMITH: Thank you very much, Your Honor.
At no time did Mr. Smith or the Manu-els object to the fact that a stipulated judgment was being put on the record. In fact, Mr. Smith stated he would work with Mr. Módica to execute a judgment based on the clarifications.[3] Thus, the judgment signed by the court on February 3, 2004, was in effect a consent judgment agreed to by the parties. The judgment is therefore not appealable.
Accordingly, the appeal filed by the Manuels is dismissed at their cost.
APPEAL DISMISSED.
GAIDRY, J., concurs.

. The January 31, 2002 judgment is now final. The Manuels appealed the judgment and this Court affirmed the trial court’s judgment on June 27, 2003, in 2002 CA 2239 (unpublished opinion). The Louisiana Supreme Court denied their application for supervisory writs on December 12, 2003.

. The trial court did hear the motion for contempt on February 18, 2004. The judgment signed on March 15, 2004, as a result of that hearing, is the subject of the appeal in 2004 CA 1386, also decided this date.

. Mr. Smith did not sign the judgment. The record reflects that on February 9, 2004, Mr. Smith filed a motion to withdraw as counsel for the Manuels as he was advised that they desired to retain another attorney. The motion was signed on February 13, 2004.