SUCCESSION OF MARCIE SWAYZE KOCH
No. 2009 CA 0497.
Court of Appeals of Louisiana, First Circuit.
October 23, 2009.
Not Designated for Publication.
MARY OLIVE PIERSON, JAMES S. HOLLIDAY, JR., EVEST A. BROUSSARD, S. BENJAMIN CAILLOUET, Attorneys for Appellee Karl J. Koch.
RUSTY SAVOIE, Attorney for Appellant Felix A. DeJean, IV, on behalf of his minor son, Felix A. DeJean, V
Before: WHIPPLE, HUGHES, and WELCH, JJ.
WELCH, J.
Felix A. DeJean, IV ("Andy DeJean"), on behalf his minor child, Felix A. DeJean, V ("Quint"), appeals a judgment entered by the trial court that purportedly reflected the terms of a compromise agreement between Andy DeJean and Karl J. Koch, which was recited in open court. Because the judgment signed by the trial court does not conform to the stipulation entered into the record, we vacate the judgment in compliance with Uniform RulesCourts of Appeal Rule 2-16.1(B) and remand for further proceedings.
Marcie Swayze Koch died intestate on August 18, 2007. She was survived by her three children: Quint; Cade Joseph Koch; and Cameron Jack Koch. At the time of her death, she was married to Karl Koch, the father of Cade and Cameron. Andy DeJean, the father of Quint, was Marcie Koch's ex-husband. On December 11, 2007, Karl Koch filed a petition seeking to be appointed as the administrator of Marcie Koch's succession, and thereafter, the trial court granted an order appointing him as the administrator of the succession. The trial court also directed that Marcie Koch's property be inventoried and that letters testamentary issue to Karl Koch after he posted a bond of $50,000.00. In February 2008, the requisite bond was posted.
On July 18, 2008, Andy DeJean filed a petition seeking, among other things, to have Karl Koch removed as administrator of the succession of Marcie Koch, or alternatively, that his administrator's bond be increased to not less than $1,000,000.00. A hearing on the relief requested in the petition was scheduled for August 5, 2008. On that date, the parties entered into a compromise or stipulation, which was placed on the record. A transcript of that stipulation was prepared, and according to the transcript, the stipulation provided, in pertinent part, as follows:
THE COURT: All right, it has come to the attention of the court after consultation with the court and all counsel we have reached stipulation dispositive of all issues. Is that not correct?
[COUNSEL FOR ANDY DEJEAN]: That is, your Honor.
THE COURT: Read your stipulation into the record.
[COUNSEL FOR ANDY DEJEAN]: Your Honor, in exchange for $60,000, $35,000 of which is to be received at my office no later than close of business tomorrow, August 6, 2008.
THE COURT: What time does business close, counselor? What time does business close?
[COUNSEL FOR ANDY DEJEAN]: 5:00 P.M.
THE COURT: All right.
[COUNSEL FOR ANDY DEJEAN]: The remaining $25,000 of which is to be delivered via certified funds no later than 5:00 p.m. August 4, 2009 to my office in Zachary, Louisiana. In exchange for those sums, Quin[t]  let's see, Felix Anthony DeJean, V., hereby offers a full and final release of all  any and all claims against the estate of Marcie Swayze Koch and against Karl Koch as the administrator thereof.
THE COURT: All right.
* * *
THE COURT: All right, everybody understand? All right, circulate the judgment, bring it back to the court after filing. The court will execute it on tomorrow.
[COUNSEL FOR ANDY DEJEAN]: Thank you, your Honor. Can I get  can I get [counsel for Karl Koch] on the record to  to  to voice his approval?
THE COURT: Yes.
[COUNSEL FOR KARL KOCH]: I approve, Judge.
THE COURT: To the sum and substance of the stipulation, you have full authority to accept on behalf of your client?
[COUNSEL FOR KARL KOCH]: Yes.
In accordance with the compromise agreement reached by the parties, on August 14, 2008, the trial court signed a stipulated judgment prepared and approved by Andy DeJean and his counsel of record. On that same date, Andy DeJean filed a petition for damages on behalf of Quint for the wrongful death of Marcie Koch. Named as a defendant in that action was Karl Koch, individually and as the administrator of the estate of Marcie Koch. The following day, August 15, 2008, the trial court vacated the August 14, 2008 judgment noting that it had been "signed in error." Apparently, a dispute arose between Andy DeJean and Karl Koch as to whether all claims against Karl Koch, both individually and as the administrator of the succession, had been released, or whether the release was limited to all claims against Karl Koch solely as the administrator of the succession of Marcie Koch. However, no pleading was filed placing that issue before the court. Instead, the trial court, ex proprio motu, scheduled an evidentiary hearing on the matter, which was held on September 15 and 18, 2008.
After considering testimony and documentary evidence, the trial court ruled that the parties fully anticipated and discussed that all matters concerning Quint would be "globally" settled for the payment of a sum certain, and therefore, it would sign a judgment "reform[ing]" itself to reflect the stipulation. On January 29, 2009, the trial court signed a "stipulated" judgment providing, in pertinent part, as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the parties reached a full, final and global settlement of all claims which may exist in favor of Felix Anthony DeJean, IV (DeJean) and/or his minor son, Felix Anthony DeJean, V (Quint) against the Estate of Marcie S. Koch and Karl Koch, Individually and as Administrator of the Estate of Marcie S. Koch. To that end, it is ordered that Karl Koch, individually, and as Administrator of the Estate of Marcie Koch, shall pay to [Andy DeJean] on behalf of his minor son, "Quint," the full and final sum of $60,000.00 in two separate installments.
* * *
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that [Andy] DeJean, acting on behalf of his minor son, "Quint," shall execute a full and final release of any and all claims that [Andy] DeJean and/or Quint may have or had against Karl Koch, individually and/or as Administrator of the Estate of Marcie Swayze Koch arising out of any cause of action which existed or might have existed, and whether asserted or unasserted on August 5, 2008.
From this "stipulated" judgment, Andy DeJean has appealed.[1] On appeal, he asserts that the trial court erred in admitting parol evidence to contradict the terms of the transcribed settlement agreement and in refusing to enforce the settlement agreement as dictated into the record.
Louisiana Civil Code article 3071 defines a compromise as "a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." Louisiana Civil Code article 3072 provides that the "compromise shall be in writing or recited in open court, in which case, the recitation shall be susceptible of being transcribed from the record of the proceedings."
In this case, it is clear that Andy DeJean and Karl Koch agreed to settle a dispute between them. The terms of that agreement were recited in open court and were capable of being transcribed from the record of the proceedings. The trial court accepted and approved the compromise, and then ordered the parties to prepare a written judgment in accordance with that agreement. Therefore, the sole issue to be decided is whether the judgment ultimately signed by the trial court accurately reflects the agreement entered into by the parties. After reviewing the transcript of the stipulation from August 5, 2008, and the January 29, 2009 judgment, we find that it does not.
Specifically, the judgment signed by the trial court provided that in exchange for Karl Koch paying the sum of $60,000.00 to Andy DeJean, any and all claims existing in favor of Andy DeJean and/or Quint against the estate of Marcie Koch and against Karl Koch, individually and as administrator of the estate of Marcie Koch, would be released. However, the stipulation entered on the record only provided for a release of any and all claims against the estate of Marcie Koch and against Karl Koch as the administrator of her estate. Notably absent from the stipulation dictated into the record was a release of any and all claims against Karl Koch individually. Accordingly, we must conclude that the judgment signed by the trial court does not conform to the stipulation dictated into the record. Having so concluded, we must vacate the judgment signed by the trial court and remand this case so that the judgment can be corrected to reflect the stipulation as actually entered on the record. See King v. Crawford, 334 So.2d 476, 478 (La. App. 1st Cir. 1976).
While we acknowledge, based on the record before us, that there appears to be some dispute between Andy DeJean and Karl Koch as to the scope of the compromise, at this point in the proceeding, the scope of the compromise has not been properly placed at issue by any pleading before the trial court or before any other court. Thus, it appears that the trial court prematurely considered the issue. On remand, after a judgment conforming to the stipulation actually placed on the record has been signed and should the parties continue to dispute the scope of the compromise or maintain that any grounds for rescission of the compromise exist, they should file the appropriate pleading to have the matter adjudicated.[2] Therefore, we pretermit consideration of any of those issues in this appeal.
All costs of this appeal are assessed equally between the parties.
JUDGMENT VACATED AND REMANDED.
NOTES
[1] Generally, there is no right to appeal a stipulated or consent judgment, see Mill Creek Homeowners Association, Inc. v. Manuel, XXXX-XXXX, p. 4 (La. App. 1st Cir. 6/10/05), 916 So.2d 268, 270, as "[a]n appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him." La. C.C.P. art. 2085. However, in this case, the record demonstrates that the language used in the stipulated judgment was disputed by the parties, and thus, there was no "acquiescence" by Andy DeJean in the judgment rendered. Accordingly, we find it appropriate to consider the merits of this appeal.
[2] When a dispute arises as to the scope of a compromise agreement, extrinsic evidence can be considered to determine exactly what differences the parties intended to settle. Moak v. American Auto. Ins. Co., 242 La. 160, 134 So.2d 911 (La. 1961).